No. 12,733.

CALKINS *v.* SMALLEY.

(294 Pac. 534)

Decided December 22, 1930.

Mr. W. B. KING, for plaintiff in error.

Mr. HARRY C. RIDDLE, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE WHITFORD delivered the opinion of the court.

THIS writ is for the purpose of reviewing an order of the district court denying the motion of the defendant, who is here as plaintiff in error, to vacate the judgment rendered against him, without sufficient notice of trial, for $3,140, and which also awarded a body execution for one year.

In his motion he prays that the judgment be vacated, and for a trial on the merits, for the reason that the

judgment was taken against him through mistake, inadvertence, surprise, and excusable neglect.

The case stood at issue on the docket on the complaint, answer, cross-complaint, and reply, for seventeen months, with no proceeding therein, until September 13, 1929, when the attorney for plaintiff sought to serve M. W. Spaulding, attorney of record for the defendant, with notice of trial, which Spaulding refused to accept, and thereupon stated to plaintiff's attorney that he intended to withdraw from the case. The record shows no other attempted service of notice of trial. It appears that the court set the case for trial upon such notice, and judgment was had against the defendant in his absence, without any notice to him personally, or any knowledge on his part of such notice, setting, or trial, or without any one appearing for him in his behalf.

Defendant is a travelling salesman, and was away from the city of Denver a large part of his time. He first discovered that the judgment had been rendered against him December 27, 1929, and he immediately thereafter, on the same day, employed W. B. King, his present attorney, to investigate the matter, and on the following day filed the motion to vacate the judgment. He says, that Spaulding was his regular attorney in this case, and in other matters, and that Spaulding never at any time informed him that said case had been noticed, or set for trial, or that it had been ordered on the trial calendar, and that he had never received any information, from any source whatever, of the proposed trial of the case, and that he was completely taken by surprise when he learned of the judgment against him.

The judgment rendered against the defendant, under the circumstances here disclosed, to say the least, is a harsh one to have been imposed without notice, or opportunity to be heard. He should have his day in court.

We think the court abused its discretion in not granting the motion to vacate the judgment. The judgment is,

therefore, reversed and the cause remanded, with direction to proceed in the case as above indicated.

MR. JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.