No. 18,243.

ARTHUR DALE JONES, ETC., ET AL. *v.* DISTRICT COURT OF THE CITY AND COUNTY OF DENVER, ET AL.

(312 P. [2d] 503)

Decided June 10, 1957.

Mr. Wm. James Chisholm, for petitioner.

Mr. J. Emery Chilton, for respondents.

*In Department.*

Mr. Chief Justice Moore delivered the opinion of the Court.

This is an original proceeding commenced by James E. Renner who filed a complaint setting forth the facts hereinafter stated upon which he sought the issue of a rule upon the respondents directing them to show cause why the sheriff of the City and County of Denver should not be permitted to proceed with a sale of certain corporate stock to satisfy a judgment entered in an action in the district court. Upon consideration of the complaint the rule issued, and respondents have answered and filed briefs.

The pertinent facts alleged in the complaint are: September 19, 1956, in the case of *Jones v. Williams,* a final judgment entered in favor of plaintiff against Williams for $4,237.97. Thereafter this judgment was assigned to Renner. Execution issued upon said judgment; notice of levy was duly served upon Williams, the judgment debtor; writs of garnishment were duly issued and served upon various parties, which resulted in the delivery into the office of the Clerk of the District Court of stock certificate for 150 shares of capital stock of Morrison Road Bar, Inc., one 6% debenture of that corporation in the face amount of $2,500.00, and one promis-

sory note dated August 12, 1955, signed by duly authorized officers of said corporation. All of said property was owned and held by Williams. Renner moved the district court for an order directing the sheriff to levy upon and sell the above mentioned property. Upon hearing of this motion, on notice to Williams, the same was denied.

March 1, 1957, an additional writ of execution was issued directing the sheriff to make the amount of the judgment from the property of Williams, and the sheriff was requested by Renner to levy upon and sell the above described property. The sheriff made demand upon the clerk of the court for possession of said property, and the clerk acting on the specific direction of respondent William A. Black, district judge, refused to deliver the property or to permit the sheriff to sell the same under authority of said execution.

Respondents answered admitting the facts hereinabove stated. Affirmatively they allege the following facts: That Williams was brought into court on supplementary proceedings and testified concerning his assets, and at the conclusion of said hearing the respondent court ordered him to pay $50.00 per week on said judgment, which he has done since the date of entry of the order; that since "petitioner has invoked the jurisdiction of the court in said supplemental proceedings" he is estopped to question the order except on writ of error; that Renner is an officer and director of Morrison Bar, Inc.; that he and one Kistler each own seventy-five shares of the capital stock of said company; that the sale of the property as requested would yield nothing for credit on the judgment for the reason that it is pledged to secure an indebtedness of $17,000.00; that said requested sale would "deprive Williams of his stock, deprive him of his job, and render him incapable of making the payment ordered on the judgment"; and that Renner's purpose in seeking the sale is "not so much to collect on the judgment, but to gain control of the corporation."

It is argued by counsel for respondents that in supplemental proceedings the trial court has the power to order payments to be made to the judgment creditor and to deny the latter the right to levy upon and sell the assets here in question. It is contended that Rule 69 (a) R.C.P. Colo. authorizes the trial court to prevent the sale on execution. The rule cited provides: "Process to enforce a judgment for the payment of money shall be a writ of execution, *unless the court directs otherwise.*" The italicized portion of the rule is emphasized by counsel.

For reply counsel for Renner states that under the admitted facts the trial court was without authority "to deny execution upon non-exempt property of a judgment debtor," and that the affirmative allegations of the "Further Answer and Defense" are wholly irrelevant.

*Question to be Determined.*

*Under the particular circumstances hereinabove set forth, did the respondent district court have the authority, under Rule 69 (a) or otherwise, to prevent the sale of the stock, debenture and note under execution to satisfy the judgment against Williams?*

The question is answered in the negative. It is provided by C.R.S. 1953, 77-1-2, in part, that:

"All and singular the goods and chattels, lands, tenements and real estate of every person against whom any judgment shall be obtained in any court of record, either at law or in equity for any debt, damages, costs or any other sum of money, shall be liable to be sold on execution to be issued upon such judgment."

We think this statute is controlling although it is not cited by counsel for either of the parties. The property here in question is not included within any class of assets exempt from execution under the provisions of any exemption law of the State of Colorado.

The statute above quoted creates a substantive right in a judgment creditor to enforce collection of his judgment against any and all property of the debtor, not

exempt from execution and attachment and not otherwise in custodia legis, as in bankruptcy, receivership, or in the hands of a trustee under a general assignment for the benefit of creditors as controlled by pertinent legislation.

■ Rule 69 (a) R.C.P. Colo. has no application to the facts in the case before us. No rule of procedure adopted by this court can be so construed as to curtail, repeal or limit the substantive rights and liabilities created by acts of the legislature. This court has no such power.

The rule accordingly is made absolute and respondents are directed to deliver the stock certificate, debenture and note to the sheriff for such proceedings, relating to sale of the property under execution, as is applicable in other cases.

MR. JUSTICE HOLLAND, MR. JUSTICE HALL and MR. JUSTICE FRANTZ concur.