No. 18,309.
CLARA LENICH *v.* SANDRO LENICH.
(331 P. [2d] 498)

Decided November 10, 1958.

Mr. GASPAR E. PERRICONE, for plaintiff in error.

Mr. FRANK A. BRUNO, Mr. V. G. SEAVEY, JR., for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties to this writ of error appear here as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant. We shall refer to them as they there appeared, or by name.

This action was commenced by the plaintiff for separate maintenance in September 1947. In December of 1948 the complaint was amended to one in divorce. On December 9, 1948, an interlocutory decree in divorce was entered awarding plaintiff alimony and support money for a daughter then more than sixteen years of age, and certain other orders respecting the family home, bank account and insurance policies. The interlocutory decree was made final on June 10, 1949.

On June 12, 1956, plaintiff applied ex parte to the court for the entry of judgment against defendant in the sum of $475.00, allegedly due from defendant as arrears under the interlocutory and final decrees. An ex parte judgment for $475.00 was entered. The record discloses that at the time the judgment was entered no proof was submitted to the trial court of the amount, if any, due under these decrees.

Upon being advised of the entry of this judgment defendant, on January 21, 1957, moved the court to vacate and set aside the same on the ground that he had no notice of the application for judgment, and that he was not in arrears in any sum.

The judgment for $475.00 was entered by Judge Joseph E. Cook, presiding judge in Division 3 of the Denver District Court. Defendant's motion to vacate the judgment was set for hearing February 21, 1957, at which time Judge Cook had Honorable Edward T. Fiske, County Judge of Douglas County, sit for him. Hearing was had before Judge Fiske and resulted in an order vacating the judgment and a direct finding based on the evidence produced that the defendant was not in arrears under

the decrees. Payments made by defendant were made into the registry of the Denver District Court, and the records of such payments were introduced at the hearing February 21st.

Plaintiff brings the case here on writ of error and urges that Judge Fiske was without power to vacate and set aside the judgment entered by Judge Cook. We find no merit in this contention. Judge Fiske was called in by Judge Cook to sit for him and for the purpose of this hearing was acting for and in behalf of Judge Cook.

It appears further that at the hearing before Judge Fiske counsel for plaintiff stated, inter alia: " * * * I feel that this motion and this order, this judgment entered should be vacated, that testimony was not had at the time the judgment was entered and the court had no way of actually determining whether the defendant was in arrears or not. I think that will save Your Honor a great deal of trouble."

A litigant who has consented to or acquiesced in a ruling of the trial court is estopped to claim error based on the matters to which his counsel agreed. In the instant case counsel for plaintiff recommended that the court vacate the judgment, and cannot now claim error. *Johnson v. Neal,* 123 Colo. 377, 229 P. (2d) 939; *Bernstein v. Goldberg,* 81 Colo. 39, 253 Pac. 477; *U.S.F. & G. Co. v. Newton,* 50 Colo. 379, 115 Pac. 897.

In disposing of this matter C.R.S. '53, 37-4-11 and 37-4-18 have been considered. 37-4-11 permits a district judge under certain circumstances to obtain the assistance of a district judge of another district, or a county judge "admitted to practice law," to hear and determine "any matter" pending before the "calling judge." 37-4-18 relates to the powers of the several district judges sitting as the district court of a county. Both sections are to be given effect and are reconcilable. The present problem is controlled by 37-4-11; hence, the action of the trial court was proper.

On the hearing it was contended by defendant

that he had overpaid under the decrees, because his daughter became of age shortly after the final decree was entered. The trial court after a full and complete hearing and a consideration of the clerk's record of payments made by defendant, concluded that nothing was due plaintiff at the time the judgment was entered, and that such judgment should be vacated and set aside. Ample evidence was before the trial judge to support this conclusion and his findings in this respect are conclusive on this court.

We find no error in the record and the judgment is affirmed.

MR. CHIEF JUSTICE HOLLAND not participating.