## No. 20549.

LILIAN PHILLIPS *v.* BYRON PHILLIPS, ET AL.
(400 P.2d 450)

Decided October 13, 1964.

Messrs. Milenski & Parga, for plaintiff in error.

Messrs. Dilts and Hancock, for defendants in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to plaintiff in error as Lilian and to defendants in error by their given names of Byron and Carl.

Prior to October, 1957, the Phillips family had formed a partnership and had engaged in business under the firm name of Phillips & Sons. In addition to Lilian, Byron, and Carl, the partnership included William and Donald.

In July, 1958, Armco Drainage and Metal Products Inc. (hereinafter referred to as Armco) filed an action in the district court of the City and County of Denver against Byron in which it sought judgment for $3,385.31 for goods allegedly sold and delivered to the partnership. Byron obtained a change of venue to Montezuma county and caused the other partners to be made parties to the action. He filed an answer to the claim of Armco, and in his cross-complaint against Lilian he asked judg-

ment for any amount decreed against him in favor of Armco. The basis of this claim against Lilian was a dissolution agreement entered into between him and Lilian under which she allegedly had agreed to pay all the debts of the partnership, and to indemnify him against any partnership liability. Carl filed a similar answer and cross complaint against Lilian.

May 22, 1961, the trial court entered judgment on the issues framed by Armco and the several partners, and also on those between the partners themselves. Armco secured a judgment against the partners for the amount claimed by it. As to the respective claims of Byron and Carl against Lilian the court adjudged as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the defendant, Byron Phillips, have and recover judgment on his cross-complaint against Lilian Phillips and Phillips and Sons, a partnership, in the amount of one fifth (1/5th) of the amount of the judgment hereinabove decreed in favor of the plaintiff and against the defendants.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the defendant, Carl Phillips, have and recover judgment against the defendant, Lilian Phillips, in the amount of one fifth (1/5th) of the amount of the judgment herein above decreed against the defendants, jointly and severally."

This judgment was a final determination of the issues framed by the pleadings, and no writ of error was sued out by any aggrieved party to the action.

More than four months after entry of the judgment, on September 25, 1961, Byron filed an instrument in the adjudicated action captioned "Motion and Application to Charge Separate and Partnership Property of Lilian Phillips for debt." In this motion he alleged that subsequent to obtaining the above mentioned judgment Armco filed a transcript thereof, and levied upon certain real estate. Byron alleged that "* * * to protect

his credit and his business (he) was compelled to purchase the said judgment from Armco. That thereafter Armco assigned all its right, title and interest in and to said judgment" to him. The prayer of the motion was:

"That this Court as by law made and provided, charge the interest of the former partner Lilian Phillips, the amount of said judgment, together with interest as therein provided, court costs and attorneys fees, or in the alternative, to charge the said indebtedness upon the real and personal property owned of record by the said Lilian Phillips at the date of said judgment, above identified, and for the sale of said real property to satisfy the claim of petitioner subject to senior encumbrances thereon if any; for costs herein taxed, * * *"

The only notice to Lilian concerning the filing of this motion was given by mailing a copy thereof to the attorney who had represented her in the case concluded by entry of the judgment. Notwithstanding objections by former counsel for Lilian, who appeared specially for that purpose, that no valid notice or process had been served upon her, the trial court, on February 2, 1962, granted the motion filed by Byron and ruled as follows:

"That 'Motion and Application to Charge Separate and Partnership Property of Lilian Phillips for Debt' filed September 25, 1961, by Byron Phillips, by his counsel Messrs. Dilts and Hancock, be and the same is hereby granted to the extent that the interest of former partner Lilian Phillips be charged with the amount of judgment heretofore entered herein, together with interest, Court costs and attorneys' fees as therein specified, * * *"

The trial court overruled the objections made by counsel for Lilian, and review of the judgment is sought by writ of error.

Counsel for Byron direct attention to C.R.S. '53, 104-1-28 which forms the basis for the procedure which

was followed. Said statute reads in pertinent part as follows:

"On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment with interest thereon; * * *"

The "due application" referred to in the statute necessarily means an application made to the court upon adequate notice to the persons whose rights might be adversely affected by the granting of the relief sought. The only gesture in the direction of notice to Lilian of proceedings on the motion filed by Byron appears in the form of a "Certificate of Mailing" signed by one of the attorneys for Byron to the effect that the motion was "duly served" upon respondent Lilian and others by depositing a copy thereof in the United States mail "addressed to Milenski and Parga, attorneys for said respondents * * *" on September 25, 1961.

 Milenski and Parga had entered an appearance for Lilian and others in the case originated by Armco. All the issues framed by the pleadings in that action had been resolved by the court; final judgment had entered; and no writ of error had ever been directed thereto. Long prior to the filing of the motion by Byron, the authority of Milenski and Parga to act as attorneys for Lilian had expired. Their prior authority to legally act ended upon final determination of the issues which were tried. *Tobler v. Nevitt*, 45 Colo. 231, 100 Pac. 416; *Hawkeye-Security Ins. Co. v. Indemnity Insurance Co.*, 260 F. (2d) 361.

In *Thompson v. McCormick*, 138 Colo. 434, 335 P.2d 265, this court held that attorneys who had once entered an appearance for a litigant and were thereafter discharged, were not agents of the litigant for service of notice, even though they were required to remain attorneys of record when the trial court refused to permit

the withdrawal of their appearance. The court went on to say that the trial court could not create or continue the relationship of attorney and client by denying the request of the discharged lawyers to withdraw their appearance.

In the instant case, with relation to the motion filed by Byron, there was no attorney authorized to accept service of notice for Lilian. The issues of fact tendered by the motion were new issues, and the controlling facts, which were alleged as grounds for the relief sought, took place subsequent to the termination of the case in which Milenski and Parga were employed.

It is clear from the statute that the new claim of Byron could have been filed as a new action in any "competent court," and the fact that it was made before the same court in which the original action was concluded does not automatically re-establish the relationship of attorneys and client between Milenski and Parga and Lilian. She was entitled to service of notice upon the new claim in all respects as though she had been without representation in the adjudicated case of *Armco v. Phillips, et al.*

The judgment of the trial court, dated February 2, 1962, purporting to grant the relief prayed for by Byron, is vacated and set aside. The cause is remanded with directions to stay further proceedings unless and until Lilian is properly served with notice and afforded an opportunity to file an answer and make defense to the matters alleged by Byron as grounds for the relief sought in his motion.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.