No. 21426.

COLORADO RANCH ESTATES, INC., A COLORADO CORPORATION, AND SAM FISHBEIN *v.* IRIS HALVORSON, ET AL.

(428 P.2d 917)

Decided June 19, 1967.

HINDRY, ERICKSON & MEYER, CHARLES F. BREGA, for plaintiffs in error.

E. MICHAEL GANGES, STANLEY W. PRISNER, for defendants in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

Approximately 140 plaintiffs joined in this action in the trial court, and named the plaintiffs in error (among others not here appearing) as defendants. The plaintiffs alleged that the defendants advertised for sale, and sold to them, certain tracts of ground as building sites in a land development in Adams county.

It was alleged in the complaint that the defendants represented that the lands were valuable for, and suited to, the building of houses thereon, when in fact they were, and are, completely unsuitable for such use; that the tracts were sold by reference to and by exhibiting a plan or plat of a subdivision which had in fact never been approved by the County Planning Commission of Adams county and was never recorded as required by statute; that such sales were in fact enjoined by Adams county; that the contracts delivered to plaintiffs were unenforceable, inaccurate, and describe no property which can be located on the ground, and, that they are void; and that defendants cannot deliver title free and clear of encumbrance. Plaintiffs also alleged that each of them has paid Colorado Ranch Estates, Inc. moneys for down payments on their respective purchases and made various installment payments on their various contracts.

Plaintiffs, severally, sought rescission of the contracts executed by them and asked entry of judgment for the return of payments made thereon. The plaintiffs in error, (defendants in the trial court) filed an answer containing a general denial and affirmative defenses among which was the following:

"That any contracts alleged to have been entered into by and between the various plaintiffs and these defendants are no longer enforceable by reason of the fact that the various plaintiffs and each of them have released these defendants from any obligations and/or obligations and liabilities existing thereunder."

The order entered at the pre-trial conference provided, *inter alia*, that:

"3. The following issues of fact, and no others, remain to be litigated upon the trial:

"A. What amount of money was paid by the respective plaintiffs and additional plaintiffs on account of the various, respective purported contracts referred to in the Amended Complaint?

"B. What was the date of such payments?

"C. Have any of the plaintiffs or additional plaintiffs re'eased the appearing defendants from the claims made in the Amended Complaint? * * *"

The pre-trial order further provided that the defendants should either "admit the genuineness and authority of signatures on the respective contracts," or "advise plaintiffs of the name and address of that person who has knowledge and can state whether the contracts were entered into on behalf of defendant, COLORADO RANCH ESTATES, INC., * * *" and that certain p¹ans and plats be produced. Nothing was done by defendants to comply with this order, and there is nothing in the record to indicate that the defendants personally knew that that action on their part was required.

On May 22, 1964, the law firm of Hindry, Erickson & Meyer filed a motion to withdraw their appearance, as follows:

"Come now Hindry, Erickson & Meyer and move this Honorable Court for an order allowing them to withdraw as counsel for the Defendants Sam Fishbein and Colorado Ranch Estates, Inc., and as grounds therefore states as follows:

"1. That the above-named attorneys have been unsuccessful in obtaining the cooperation of Defendants, in that correspondence regarding the above-entitled action has been repeatedly sent to the Defendants by the attorneys, with no answer forthcoming, and the attorneys, are unable to determine what course of action Defendants desire to take under such circumstances.

"2. That certain actions were required to be taken and certain admissions or denials to be made within twenty days from the Pretrial Order, which said twenty-day period was extended one week pursuant to agreement with the attorney for the Plaintiffs, but that the above-named attorneys have been and are unable to take the required action and make the required admissions or denials since the Defendants refuse to correspond with said attorneys regarding the case.

"3. It is further requested that all action in the above-entitled case be held in abeyance until new counsel can be secured by the Defendants.

"WHEREFORE, the above-named attorneys, Hindry, Erickson & Meyer, pray that this Court allow them to withdraw as counsel in the above-entitled action, and that all proceedings be held in abeyance until Defendants can secure new counsel."

The record certified to this court by the Clerk of the district court discloses a "Minute Order of Court" dated June 9th, 1964, as follows:

"Cause comes on this day for hearing forthwith Motion to Withdraw of counsel, Hindry, Erickson and Meyer, and also to set a date certain for hearing on Motion of Plaintiffs and Additional Plaintiffs for Relief Under Rule 37.

"Counsel make statements to the Court.

"IT IS ORDERED that hearing on Motion for Relief Under Rule 37 is hereby set for June 19, 1964 at 1:30 P.M. FURTHER ORDERED that Motion to Withdraw is hereby granted, pursuant to examination of affidavit in support thereof. Mr. Erickson is instructed to notify parties of said withdrawal, and to send copies of notification of defendants to the Court for filing."

In the meantime, on May 26, 1964, the plaintiffs filed a petition for relief under R.C.P. Colo. 37, in which the court was asked to strike the answer of defendants and to enter default judgment against them for failure to obey the pre-trial order. On June 19, 1964, the answer

was ordered stricken, and defaults were entered against the defendants. On July 7, 1964, following a hearing, separate judgments were entered against the defendants and in favor of plaintiffs for the various amounts paid by them on the contracts, as disclosed by the endorsements of payments appearing thereon.

On July 7, 1964, the defendants filed their "Motion to Set Aside Default Judgment" in which it was alleged:

"1. That under the provisions of Colo. R.Civ. P.55(b) (2), before judgment by default is entered, written notice that such judgment by default is sought shall be served, at least three days prior to the hearing on the motion, on any appearing party or his representative, if such party has appeared by representative. Prior to the hearing on June 19, 1964, wherein the Court considered Plaintiffs' motion for relief under Rule 37, Defendants had appeared by both Merle Knous and Henry J. Walsmith, in addition to the law firm of Hindry, Erickson & Meyer. The firm of Hindry, Erickson & Meyer withdrew from the case prior to June 19, 1964, however, neither Merle Knous nor Henry J. Walsmith entered withdrawals of appearance in the matter, but they were not served with any notice, in accordance with Rule 55, relating to Plaintiffs' motion for relief under Rule 37.

"2. Judgment by default was entered on June 19, 1964, against both Colorado Ranch Estates, Inc. and Sam Fishbein, individually. Nowhere in the Complaint is relief sought against Sam Fishbein as an individual. Rather, the entire Complaint is directed toward judgment against Colorado Ranch Estates, Inc., which Complaint contains allegations relating to contracts entered into on behalf of Colorado Ranch Estates, Inc. by Defendant Sam Fishbein as an agent of the corporation and not in any individual capacity. Therefore, the judgment entered by default is not in accordance with that prayed for in the demand for judgment in the Complaint, and is not in accordance with Rule 54(c), in that the Default Judg-

ment granted exceeds the demand contained in the pleadings."

This motion was denied and defendants are here on writ of error seeking reversal of the order denying their motion to set aside the default judgment.

The answer which was stricken tendered an issue of fact — namely, whether the plaintiffs had released the defendants from liability. The trial court entered default against the defendants in the absence of any showing that they had personal knowledge of the duties imposed upon them by the pre-trial order, and without any showing that the requirement of Rule 55(b)(2) (3 day notice of application for default) was observed. Although permission had been granted to some attorneys to withdraw their appearance, the record discloses that two other attorneys had entered their appearance for defendant, and they remained attorneys of record in the action. R.C.P. Colo. 55(b)(2) provides:

"* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * *"

In *Calkins v. Smalley*, 88 Colo. 227, 294 P. 534, wherein a notice of trial was served upon an attorney who stated that he intended to withdraw, this court held that the trial court had abused its discretion in refusing to set aside a judgment. In *Thompson v. McCormick*, 138 Colo. 434, 335 P.2d 265, it was held to be an abuse of discretion to dismiss a case without notice to the parties themselves where their attorney had been discharged and had filed an application to withdraw. In that case we find:

"* * * The court, in denying counsel's request for permission to withdraw, could not create or continue the relationship of attorney and client contrary to the expressed wishes of the client."

To like effect is our recent case of *Phillips v. Phillips,* 155 Colo. 538, 400 P.2d 450.

In the instant case, when the application for relief under Rule 37 was made, counsel for plaintiffs knew of the request of Hindry, Erickson & Meyer to withdraw their appearance. When default judgment was entered the trial court knew that some of the attorneys of record had been permitted to withdraw their appearance as attorneys for defendants. The trial court and counsel also knew that Mr. Erickson had been directed to give notice of his withdrawal to the defendants and to file copies of that notice with the court. Nothing appears in the record to show that he did give notice or that any copies were filed with the court, as directed.

In addition to the above, it is disclosed by the record that the trial court entered money judgments against the defendant Sam Fishbein personally, although no sufficient allegations were made in the complaint to sustain such judgments, and the prayer of the complaint did not seek such relief as against him.

Under the circumstances as disclosed by the record, the default judgments entered in this case should have been set aside on the motion made by the defendants.

The judgments accordingly are reversed and the cause remanded with directions to reinstate the answer, and to proceed to trial on the merits.

MR. JUSTICE SUTTON, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.