No. 21620.

CONTINENTAL OIL COMPANY, A CORPORATION *v.* RAYE L.
BENHAM, RUTH M. BENHAM, AND RUSSELL HINDMARSH,
INDIVIDUALLY AND AS PUBLIC TRUSTEE FOR THE
COUNTY OF MONTEZUMA.

(430 P.2d 90)

Decided July 17, 1967.

Milenski & Parga, Guy B. Dyer, Jr., for plaintiff in error.

William A. Thompson, Jr., George R. Armstrong, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hodges.

The parties appear here in the same order as in the trial court and will therefore be referred to as plaintiff and defendants. The term "defendants" when used herein, does not include the Public Trustee, since the issues here do not involve this defendant.

The main issue for our consideration on this writ of error is the plaintiff's contention that the lower court erred in its refusal to set aside a sheriff's sale on execution and levy, of one piece of defendants' real property, on the plaintiff's showing that it had overbid on the mistaken belief it was the residence property of the defendants rather than vacant land.

For an adequate understanding of the issues involved, it is necessary to relate briefly some of the antecedent facts which are pertinent. Plaintiff held the defendants' promissory note which was secured by a trust deed on real property, which will be referred to herein as Tract A, the sale of which on foreclosure is not in dispute. The defendants having defaulted in their payments, the plaintiff filed a complaint in the lower court seeking judgment on the promissory note and foreclosure of the deed of trust. The defendants did not answer the complaint or otherwise appear in this action and were in default on March 3, 1964 when the plaintiff obtained a money judgment against them for $5,236.82 and a decree

for foreclosure on Tract A. There is no objection by anyone to this judgment and decree.

Thereafter on June 19, 1964, a writ of execution was issued on the money judgment and on the same date the sheriff's levy was recorded, which described certain vacant land in Dolores, Colorado owned by the defendants. This vacant land will be hereinafter referred to as Tract B, the execution sale of which is the principle subject of this controversy.

Combined foreclosure sale of Tract A and execution sale of Tract B was duly held on July 27, 1964 at which sale plaintiff's attorney purchased with the highest bid Tract A for $1,212 and Tract B for $4,036.82, thus bidding the full amount of the judgment plus the sheriff's fees. The parties to this writ of error interpose no objection whatsoever to the manner or conduct of this sheriff's sale.

On August 26, 1964, plaintiff filed an unverified ex parte motion wherein it prayed that the sale of Tract B be disapproved and set aside by the court. In this motion, the plaintiff alleged:

"4. As to the other property hereinabove described being the West 50' of Lots 15 to 20, inclusive, Block 23, Dolores, said premises were bid in for the sum hereinabove mentioned of $4,036.82, under a mistake of fact by Plaintiff herein, which mistake was that upon said described real estate there was a residence, which residence was subject to a mortgage with the remaining balance of approximately $600.00, when in truth and in fact, said realty above described is bare, unimproved, vacant lots and the sum so bid is far in excess of the market value of said property."

There was no service of a copy of this motion on the defendants and no notice of any kind was received by the defendants regarding the filing of this motion. On the same date the motion was filed, the trial court without an evidentiary hearing, entered its order affirming the sale upon foreclosure of Tract A and disapproving

and setting aside the sale upon execution and levy of Tract B.

The defendants thereafter learned of this court order and filed their motion on September 3, 1964 to vacate that part of the order setting aside the execution sale of Tract B. On the following day, September 4, 1964, the plaintiff filed its motion to strike and dismiss the defendants' motion filed the previous day. The plaintiff's motion to strike and dismiss defendants' motion was denied by order of the lower court on September 10, 1964 and the court set for evidentiary hearing defendants' motion to set aside and hold for naught the court's ex parte order of August 26, 1964 wherein the court disapproved and set aside the sale upon execution and levy of Tract B.

I.

At this point, plaintiff's contentions that the court erred in overruling plaintiff's motion to strike and dismiss defendants' motion attacking the court's order which nullified the execution sale of Tract B must be considered. Plaintiff claims that the defendants being in default had no standing before the court to attack the trial court's ex parte order nullifying the sheriff's execution sale of Tract B, and therefore, the defendants were not entitled to receive notice of the filing of plaintiff's ex parte motion of August 26, 1964 to set aside the execution sale of Tract B. Plaintiff's contentions are based upon his interpretation of R.C.P. Colo. 5(a), which states in part:

". . . no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in rule 4."

The defendants here *were* in default. Plaintiff argues this was a motion not a pleading, and therefore, does not require application of the exception. With this we do not agree. As the result of the execution sale duly

held by the sheriff, the judgment against the defendants was fully satisfied. The defendants thereupon were freed of this obligation; and, so far as it cast a cloud upon any other property or other assets they owned, they were relieved of it and could therefore deal with their other assets without the apprehension of execution and levy. This judgment debt no longer existed. Seeking a cancellation of the sale of Tract B, of necessity, constituted a claim for relief from full satisfaction of the judgment. When the cancellation was granted, it had the effect of reinstating a portion of the judgment or of revitalizing the judgment and a consequental potential submission of Tract B and all other assets of defendants to levy and further execution sale. The net and potential effect of this ruling goes to the substance of the request to the court. It is the substance, not the form, of a request to the court which controls the necessity for proper notice. *Phillips v. Phillips*, 155 Colo. 538, 400 P.2d 450.

■ We hold that the issues of fact tendered by plaintiff's ex parte motion of August 26, 1964 did, in effect and in substance constitute a new and additional claim for relief against the defendants who were therefore entitled to service of notice of filing of this motion, which effectively and substantially was a pleading asserting a new and additional claim. In accordance with R.C.P. Colo. 5(a), service on defendants was therefore required.

II.

■ The defect of no notice was cured by the subsequent court order for a full hearing on the main issue involving the court's ruling with respect to the execution sale of Tract B.

■■ After a full evidentiary hearing, the lower court, in its order of October 13, 1964 vacated its previous order of August 26, 1964 and ruled that plaintiff had not presented evidence of such a character as would enable the court to nullify and hold for naught

the sheriff's execution sale of Tract B. The lower court in its findings stated:

"It is well settled in Colorado that ordinarily, inadequacy of price paid is not sufficient cause for setting aside a judicial sale. Generally in addition, it must appear that there were such irregularities in connection with the sale, or such fraud practiced, as tended to prevent the property levied upon from being sold at a fairly adequate price. LaFitte v. Salisbury, 43 Colo. 248. Presumably the converse is equally true where the consideration paid is greater than the value of the property sold. It is agreed by the parties that there were no irregularities in connection with the sale itself. The sole question to be resolved is: Did the conduct of defendant prior to sale consist of such fraud as tended to prevent the property levied upon from being sold at a price fairly proportionate to it's true value."

▆▆▆ Although technically that portion of the sheriff's sale relating to Tract B was not a judicial sale, but a sale conducted by virtue of a writ of execution and levy, nevertheless, we hold that the lower court in its aforementioned statement enunciated properly the rule applicable to the facts and evidence of this case. When a judgment creditor or other party makes a successful bid and purchases property at a sheriff's execution sale, it becomes a final and binding purchase subject to the statutory rights of redemption. If later it is discovered that the amount bid was in excess of the value, the judgment creditor or other party is nevertheless bound by his bid and a court in the exercise of its equity jurisdiction cannot on this ground alone set aside a sheriff's execution sale. If, in addition, however, the excessive bid was made because of the proven fraud and false representations of the judgment debtor, who would benefit by a high bid, then the court may have sufficient grounds to nullify the sheriff's sale.

Plaintiff, being the bidder, through its investigation had execution and levy made on Tract B owned by de-

fendants. This property was adequately and fully described. Plaintiff's mistake as specified in its motion was that it believed it was bidding on defendants' residence property, rather than on defendants' vacant land. As a consequence plaintiff states its bid exceeded by a sum of over $2,000 the value of Tract B. On these facts, if no fraud is shown, there exists no basis for nullifying the sheriff's execution sale.

It is contended by the plaintiff that the case of *Handy v. Rogers*, 143 Colo. 1, 351 P.2d 819 should have been precedent for the lower court to set aside the sheriff's sale. In *Handy*, the judgment creditor bid $1,000 for a property valued at approximately $40,000. This involved a judicial sale wherein the court ordered the sale to foreclose a deed of trust. With respect to this sale, it was held that it must in equity be set aside as the price bid was so grossly inadequate as to shock the conscience. It is implicit in that rule that the price bid was so unconscionable as to amount to fraud on the judgment debtor. This is not applicable in the instant case which involves an overbid rather than an underbid, caused by the bidder's mistake.

The alleged fraud of the defendant Raye L. Benham which was the purported cause of the plaintiff's mistake, was that on one occasion, shortly after the trial court's money judgment was rendered, when this defendant was in the office of plaintiff's attorney discussing the payment of the judgment, this defendant mentioned he had a $600 mortgage on his residence property in Dolores, Colorado not indicating he owned other property in Dolores, Colorado. Based upon this conversation, the plaintiff maintains that Tract B was thereafter executed and levied upon rather than the residence property of the defendants.

The lower court specifically found that there was in fact no fraud perpetrated on the plaintiff. The court in its findings further stated that the record of the defendants' ownership interest in the residence property

was shown both by the records of the assessor and the treasurer of Montezuma County and that nothing the defendants did prevented the plaintiff from making a determination of the location of all property owned by the defendants in the Town of Dolores. The trial court also commented that the defendants had no duty to apprise the plaintiff of the fact that the plaintiff had not levied on defendants' residence property.

Premised on its findings, after evidentiary hearing, the lower court properly ruled in effect that the execution sale of Tract B to the plaintiff was valid and binding.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.