No. 23584.

ROBERT SUNSHINE AND ISADORE B. SUNSHINE, ALSO KNOWN AS I. B. SUNSHINE *v.* GEORGE J. ROBINSON, RECEIVER FOR LAKEWOOD ACCEPTANCE CORPORATION, ALSO KNOWN AS S & S ACCEPTANCE CORPORATION, A COLORADO CORPORATION.
(451 P.2d 757)

Decided March 17, 1969.

410

V. C. Seavy, Jr., for plaintiffs in error.

No briefs for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

Plaintiffs in error request the reversal of a judgment denying their motion to set aside a judgment entered against them in an action brought by George J. Robinson, the receiver for Lakewood Acceptance Corporation. Robinson has not filed a brief. The case was submitted without oral argument on the brief filed by plaintiffs in error.

Plaintiffs in error contend here (a) that the court erred in refusing to set aside the judgment; and (b) that, even if the trial court ruled correctly on the motion, the clerk's entries of judgment in the prior trial are contrary to the judgment of the trial court and must therefore be corrected.

The facts which give rise to this writ of error may be summarized as follows. The plaintiffs in error, Robert Sunshine (since disbarred) and Isadore B. Sunshine, were the attorney and general manager, respectively, of the Lakewood Acceptance Corporation. In 1963 the receiver for the corporation filed a complaint which alleged in ten counts (one count was later withdrawn) that each or both of them were liable for damages for various acts of conversion from the Acceptance Corporation. A default judgment was entered against them, but

it was later vacated by stipulation, and an answer was filed. Trial was set for November 17 and 18 of 1964, and was apparently continued to November 19.

Sometime on the morning of November 19, 1964, and before the trial was scheduled to begin, counsel for plaintiffs in error filed combined motions to continue the trial and to withdraw as counsel. As grounds for his motions, counsel alleged substantially that the plaintiffs in error were presently serving prison terms, and that he had undertaken to represent them with the understanding that if the matter proceded to trial he would be relieved of any obligation to conduct the trial. He further alleged that it had been impossible to assign the cause to other counsel. At the time scheduled for the trial to begin, plaintiffs in error were not present and neither was their counsel. After a brief colloquy between Judge Martin C. Molholm and plaintiff's counsel, the motion to withdraw was granted, but the motion to continue the trial was denied. Evidence was taken, and the court entered a judgment against the plaintiffs in error for over $250,000.

Approximately three years later, on August 11, 1967, the receiver for the Acceptance Corporation filed a motion for citation, which was ordered by the court on the same date. Thereafter, on September 18, 1967, the plaintiffs in error filed their motion to set aside the judgment, alleging that it was void because they had not been given notice that a default was to be taken against them; and further, that they were without counsel and were not given an opportunity to defend the lawsuits. Affidavits from both of the plaintiffs in error were also filed, alleging substantially that they had no notice of the trial setting nor were they served with any motion to withdraw, and that they had valid defenses to the claims. The affidavits further stated that both had been incarcerated for convictions on charges arising out of the subject matter of the civil suit, and that no notice of the judgment entered against them had been given to them

until they were served with the citation on August 20, 1967. After a hearing on April 15, 1968, at which plaintiffs in error were represented by new counsel, the motion to vacate the judgment was denied by Judge George G. Priest. Judge Molholm had retired prior to the hearing on the motion to set aside the judgment.

Although counsel requested the court to enter a second default judgment (the first having been vacated) on November 19, 1964, it was never formally entered. Even though neither the defendants nor their counsel were present personally, the trial court heard over 300 folios of testimony and received numerous exhibits in evidence. Plaintiffs in error now contend that in effect the court did enter a default judgment, and that the judgment entered was void because there had been no compliance with the notice requirements of R.C.P. Colo. 55 (b) (2).

Whether the three day notice was required depends on whether the court in fact entered a default judgment. Trial of this action was originally set for November 17 and 18, 1964. It was apparently continued to November 19, although no order to that effect appears in the record. On November 19 the combined motions to continue and to withdraw were filed, and the order on the motions was signed the same day. Until their attorney was permitted to withdraw, plaintiffs in error were charged with notice that the trial had been continued to November 19. When they did not appear on that date, whether personally or through counsel, they were not entitled to additional notices. The taking of evidence and entry of judgment in the absence of a party who knows his case is set for trial is not a proceeding under the default provisions of the rules, but is instead a trial on the merits. *Davis v. Klaes*, 141 Colo. 19, 346 P.2d 1018. We have examined the cases cited in the latter opinion and find no inconsistency with the rule stated here. Nor do we believe that *Civil Service Commission v. Doyle*, 162 Colo. 1, 424 P.2d 368, expresses a contrary rule. Accordingly, we hold adversely to the contention

made by plaintiffs in error that the judgment was void because there was no compliance with Rule 55.

■ However, if the allegations contained in the motion to set aside the judgment and the affidavits in support thereof are true, then the judgment complained of must of necessity be vacated. *Dalton v. People in the Interest of Sally Ann Moore*, 146 Colo. 15, 360 P.2d 113, controls the situation here. In *Dalton*, we held that when the trial court permitted counsel to withdraw from a case without notice to his client and then adjudicated his rights *ex parte*, the judgment entered was void for lack of due process. So here, the action of Judge Mulholm in permitting the withdrawal of counsel and proceeding to judgment *ex parte* constituted a failure to protect the constitutional rights of the plaintiffs in error to their day in court and rendered the judgment void if, as alleged here, plaintiffs in error had no notice that their counsel intended to seek permission to withdraw. *Blackwell v. Midland Federal Savings and Loan Assoc.*, 132 Colo. 45, 284 P.2d 1060; *Calkins v. Smalley*, 88 Colo. 227, 294 P. 534; and see *Colorado Ranch Estates, Inc. v. Halvorson*, 163 Colo. 146, 428 P.2d 917.

At the hearing on April 15, 1968, before Judge George G. Priest, the motion to vacate the judgment was denied on the ground that the motion was not timely, and on the further ground that one judge had no authority to vacate a judgment rendered by another judge of the same court.

■ Apparently the court thought that he was prohibited by *statute* from acting upon his judgment because it had been entered by another judge of the same court. Much of the language of C.R.S. 1963, 37-4-17, upon which the trial judge apparently relied, now appears in 1967 Perm. Supp. C.R.S. 1963, 37-12-39. Of significance is the deletion from C.R.S. 1963, 37-4-17 of the provision "that neither of said judges [in a multiple judge district] shall have power to vacate or modify a judgment, decree or order rendered or made by another judge of the same

court." We emphasize, however, that the deletion of this clause by the 1967 legislature does not import a blanket grant of authority to do what the clause had formerly proscribed. Rather, it was the intent of the legislature to permit the final determination of matters which of necessity must be considered by a second judge.

As we have pointed out, Judge Molholm would have been required to vacate the judgment which he had entered if he found the assertion made by the plaintiffs in error in their motion to vacate to be true.

At the trial he suggested to plaintiffs' counsel his concern that at some later date the plaintiffs in error might come in and set the judgment aside, but concluded that the burden was on them to determine whether that could happen. It makes little sense to hold that if a palpable error were committed by Judge Molholm in refusing the continuance, it cannot be corrected by a second judge since Judge Molholm is no longer on the bench. See *Denver Electric and Neon Service Corp. v. Gerald A. Phipps, Inc.*, 143 Colo. 530, 354 P.2d 618; *Lenich v. Lenich*, 138 Colo. 251, 331 P.2d 498.

At this point in the proceedings, however, the allegations of the plaintiffs in error that they had notice of neither the trial setting nor the withdrawal of their attorney, are supported only by their affidavits. Before the trial court can vacate the prior judgment against them, testimony must be taken to determine the merit of their allegations. At the hearing, the testimony of counsel who withdrew from their case may tend to contradict the allegation that they had received no notice. For example, he stated in his motion to withdraw that he had undertaken to represent the plaintiffs in error *"with the understanding* that if the matter proceeded to trial there would be substitution of counsel and that [he] would be relieved of any obligation in the conduct of the trial." (Emphasis added.)

In addition, at the same hearing, the parties shall be given the opportunity to present argument on the issue

416

whether the clerk's entries of judgment in the prior trial are contrary to the judgment of the court and must therefore be corrected under Rule 60(a).

We turn now to the suggestion that the motion to vacate the judgment was not timely. R.C.P. Colo. 60(b) provides that a court may relieve a party from a final judgment where the judgment is void, or for any other reason justifying relief from the operation of the judgment. A motion to vacate upon these grounds must be made within a reasonable time. The record reflects that plaintiffs in error filed their motion under Rule 60 on September 18, 1967. They allege in their motion that they learned of the judgment against them on August 20, 1967. The delay of less than five weeks, if the allegation of when they learned of the judgment be true, cannot be said to be unreasonable under the circumstances.

The judgment is reversed and the cause remanded with directions to proceed in accordance with the views expressed herein.