The FIRST NATIONAL BANK OF DENVER, a National Banking Association, Petitioner,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and the Honorable Roger Cisneros, One of the Judges Thereof, Respondents.

No. 82SA65.

Supreme Court of Colorado, En Banc.

Oct. 18, 1982.

John Mason, Jr., Denver, for petitioner.

Norman D. Johnson, Cogswell & Wehrle, Bernard H. Thorn, Mellman & Thorn, Denver, for respondents.

LEE, Justice.

In this original proceeding the petitioner First National Bank of Denver (bank), plaintiff in the trial court, claims that the district court has exceeded its jurisdiction and abused its discretion in refusing to allow the petitioner to execute on its final judgment. The petitioner requests that we

issue a writ of prohibition ordering the respondent court to vacate its stay of execution granted in Civil Action No. C–68753 in favor of the defendants in the trial court, Robert Sanders, Paul L. Sanders, Lawrence Sanders, J.W. Skinner, and Michael J. Bellamy. We issued our rule to show cause and we now discharge the rule.

The facts were as follows. In December of 1976, the bank brought suit on a demand promissory note executed by the five defendants. In subsequent proceedings a judgment in the amount of $182,530.55 was rendered against the defendants, jointly and severally, including $91,000 principal, $91,405.55 interest, and $125 costs, based upon a stipulation and payment schedule into which the parties had entered. Attorneys' fees were to be determined at a later date.

On September 21, 1979, after a hearing on the bank's motion, the district court entered orders charging partnership interests of the judgment debtors in three partnerships with payment of the unsatisfied portion of the judgment debt, costs, and interest. The orders charged the partnership interests of the named defendants in Quadrangle, Ltd., and the partnership interests of Robert Sanders, Paul L. Sanders, and Lawrence Sanders in the partnerships known as Saddleback, Ltd. and Grassroots Co.

The charging orders directed the partnerships to pay the bank all present and future shares of all distributions, credits, drawings, or payments which would have been paid to the respective named defendants for their interests in the partnerships, and further directed that such payments should continue until the judgment, including interest and costs, was satisfied in full. Until that time, the partnerships were ordered not to make capital acquisitions of property of the judgment debtors, not to loan money to nor pay any creditor of the judgment debtors, and not to make a sale or modification of partnership interests unless approval of the court or the judgment creditor was first obtained. In addition, all documents or partnership reports were to be sent to the judgment creditor, and the partnerships were instructed to make available a copy of the partnership agreements and amendments, income tax returns for the past two years, any balance sheet and profit and loss statements, and all books and records. The order charging the partnership property excluded property claimed to be exempt from execution. Section 13–54–101 et seq., C.R.S.1973 (1981 Supp.).

The order provided that: "Upon due application, any party may apply to this Court for a further modification of this Order, and the Court retains jurisdiction."

No payments were made by the partnerships, and after approximately two years the bank orally moved the court, in an ex parte hearing, for execution and sale of the partnership interests charged in the September 1979 orders, and asked in addition for an order restraining the judgment debtors from alienating the property pending the sale. The court granted the motion and entered its order on December 1, 1981. The order provided in part as follows:

"The sheriff of the City and County of . Denver, State of Colorado, is ordered to execute upon property of Robert Sanders, Lawrence Sanders, Paul Sanders, J.W. Skinner, and Michael Bellamy, being all of said Judgment Debtors' right, title and interest in and to the following Colorado partnership, to wit:

Saddleback, Ltd.: (Robert, Lawrence and Paul Sanders only)

Grassroots Co.: (Robert, Lawrence and Paul Sanders only)

Quadrangle, Ltd.: (all Defendants) and to sell the interests of such Judgment Debtors in the above-listed partnerships at public sale in accordance with Colorado Law pertaining to such sales and to file with this Court a report of such sale within thirty (30) days after all sales are completed."

The partnerships were restrained from assigning, transferring, or encumbering their property until the public sale was held.

On December 16, 1981, the defendants filed a motion for a stay of the execution, citing as grounds that the bank had as-

signed its judgment to a party-opponent in another lawsuit in which Quadrangle, Ltd. was a defendant and a counterclaim plaintiff (Civil Action No. C–61262), and that the two actions were so related that the execution on the present case should be stayed pending the outcome of the other case.

On January 12, 1982, the court granted the motion and stayed execution, without hearing evidence or making findings. The bank now seeks an order from this court prohibiting the district court from staying execution against the defendants.

█ It is a general rule in Colorado that a court may not stay execution and thereby impair or destroy the statutory right of a judgment creditor to enforce collection of its judgment against nonexempt property of the judgment debtor. *Jones v. District Court for the City and County of Denver,* 135 Colo. 468, 312 P.2d 503 (1957). The petitioner argues that, since there is no allegation that the partnership interests are exempt from execution, the district court was without power to impair the judgment creditor's rights, regardless of circumstances claimed by the debtors.

The judgment debtors, on the other hand, argue that this case may be distinguished from *Jones v. District Court, supra,* because sale of the partnership interests would affect the partnerships themselves as well as other partners which are not parties to this action. Because the judge ordered the sale without first providing notice and hearing to those who would be affected, they argue that the sale was void under the notice requirements of the Uniform Partnership Law, section 7–60–128(1), C.R.S.1973, which provides:

"**7–60–128. Interest subject to charging order.** (1) On due application to a court of competent jurisdiction by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of the judgment with interest thereon; and may then or later appoint a receiver of his share of the profits and of any other

money due or to fall due to him in respect of the partnership and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require.

"(2) The interest charged may be redeemed at any time before foreclosure or, in case of a sale being directed by the court, may be purchased without thereby causing a dissolution:

(a) With separate property by any one or more of the partners; or

(b) With partnership property by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold.

"(3) Nothing in this article shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership."

The judgment debtors contend that "due application" must be made to the court upon adequate notice to persons whose rights might be adversely affected by the granting of the relief sought. *Phillips v. Phillips,* 155 Colo. 538, 400 P.2d 450 (1964).

### I.

█ Once a judgment has been entered, a judgment creditor is entitled to have a writ of execution issued, subject to: the statutory provisions creating an automatic stay for a period of 15 days, C.R.C.P. 62(a); the provisions concerning stay during appeal, C.R.C.P. 62(b), (c), (d), (e), and (g); and other provisions limiting the right to execute against the debtor's property. Section 13–52–102(1), C.R.S.1973, provides:

"All goods and chattels, lands, tenements, and real estate of every person against whom any judgment is obtained in any court of record, either at law or in equity, for any debt, damages, costs or any other sum of money are liable to be sold on execution to be issued upon such judgment...."

C.R.C.P. 69(a) in effect at the time judgment was rendered provided in pertinent part:

"**Rule 69. Execution and Proceedings Subsequent to Judgment.**

**(a) In General.** Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." [1]

■ Issuance of a writ of execution however is not an exclusive remedy, and the plaintiff was therefore also entitled to employ supplemental proceedings in aid of execution to collect the judgment from the defendants' property. C.R.C.P. 69(f) provides that the court may order that certain nonexempt property of the judgment debtor in the hands of the debtor or any other person be applied towards satisfaction of the judgment. This was accomplished when the court, pursuant to the Uniform Partnership Law, section 7–60–128, C.R.S. 1973, charged the partnership property of the defendants.

■ The order charging the partnership interests with the judgment and directing the payment of the partners' shares of profits to the judgment creditor, was entered by the court after hearing and notice to all parties. The order was subject to later modification "upon due application." This wording tracks the language of section 7–60–128. We have interpreted that term to mean an application made to the court upon adequate notice to the persons whose rights might be adversely affected by the grant of the relief sought. *Phillips v. Phillips, supra.*

The defendants point out that they had no notice of either the oral motion for execution or the hearing, and that the order for

execution and sheriff's sale was entered without an opportunity for them to be heard. The defendants argue that the lack of notice renders the judge's order void, and therefore the stay of the sale proceedings was properly entered.

The plaintiffs argue that the issuance of the writ of execution was a ministerial act, that no notice to the defendants was required before the issuance of the order, and that the execution order was valid as issued. Furthermore, it is argued that once the valid execution had issued, it could not later be stayed by the judge without allegation that the property to be sold was exempt, or without some other statutory basis for the stay. [2]

■ We agree with the defendants that the *ex parte* order for execution and sheriff's sale was improperly entered because it was issued without due application to modify the court's earlier order charging the partnership interests. Because of the nature of partnership property and the possible adverse impact that this sale could have upon the non-defendant partners, if any, the court should have conducted another hearing under section 7–60–128 with proper notice to the affected parties, to determine the propriety of allowing an execution sale of the partnership interests in lieu of payments of the debtor partners' share of partnership profits to the judgment creditor. [3]

■ Section 13–52–102, *supra,* states the rule that all property of the debtor is sub-

1. C.R.C.P. 69(a) was amended effective July 1, 1981, and now provides as follows:
 "**Rule 69. Execution and Proceedings Subsequent to Judgment.**
 **(a) In General.** Except as provided in Rule 103 herein, process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise."

2. The plaintiffs also point out that the defendants have raised for the first time in this court the issue of the validity of the writ of execution based upon lack of notice to them in the trial court. Instead, the defendants asked the trial judge for a stay of the execution sale until another and allegedly related case was resolved. The defect in the *ex parte* proceedings was violative of the court's charging order and execution was properly stayed by the court.

3. Although the court ordered the sale, it did not make the findings necessary to support a court ordered dissolution of the partnership pursuant to sections 7–60–131 and 7–60–132, C.R.S.1973.

 Section 7–60–128(2) specifies certain remedies to prevent the dissolution of a partnership when partnership interests are to be sold or foreclosed pursuant to a charging order. Those remedies include the right to redeem at any time before foreclosure, and the partners' right to purchase at the sale with their separate property or, if all partners whose interests are not charged agree, to purchase the sale property with other partnership property. That these remedies are available, however, does not excuse the failure to provide notice of the subsequent charging proceeding.

618

ject to execution and sale pursuant to a writ in order to satisfy the judgment debt. In *Jones v. District Court, supra,* that section was broadly interpreted to mean that the district court was without power to limit the substantive right granted by the legislature to a judgment creditor to collect the judgment by execution against property of the judgment debtor. As that case held:

"The statute above quoted [the predecessor statute to section 13–52–102, *supra*] creates a substantive right in a judgment creditor to enforce collection of his judgment against any and all property of the debtor, not exempt from execution and attachment and not otherwise in custodia legis, as in bankruptcy, receivership, or in the hands of a trustee under a general assignment for the benefit of creditors as controlled by pertinent legislation." 135 Colo. at 471–472, 312 P.2d at 504.

 Although we do not disagree with this statement, the substantive right of a judgment creditor to enforce collection of the judgment may be statutorily limited, as in this case. Thus, partnership property may only be charged with payment of the judgment debt after "due application" with notice and hearing pursuant to section 7–60–128, *supra.* In this setting the charging order required payment of the partnership profits to the judgment creditor. Further modification of the order as applied to the partnership interests was only available upon due application to the trial court, which retained jurisdiction for that purpose. Due application required notice and hearing pursuant to the directives of section 7–60–128. Thus, the order of court entered on the *ex parte* motion for execution and sale of the partnership property was improper.[4]

Accordingly, we direct the district court to vacate its *ex parte* order authorizing the execution sale. Further proceedings to enforce the collection of plaintiffs' judgment from the defendants' partnership interests shall be conducted in accordance with the

court's charging order and the provisions of the Uniform Partnership Law.

Rule discharged.

---

**4.** If the execution and sale were approved by the court following a valid procedure including notice and hearing, the partnership would be

entitled to protect its interests and avoid dissolution by the application of the provisions in section 7–60–128(2). *See supra,* n. 3.