## No. 18,516.

### M. B. THOMPSON *v.* WILLIAM R. McCORMICK.
(335 P. [2d] 265)

Decided January 26, 1959.    Rehearing denied February 24, 1959.

Mr. ALBIN ANDERSON, JR., for plaintiff in error.

Mr. MAX D. MELVILLE, Mr. FRED M. WINNER, for defendant in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order as they appeared below, and we refer to them as plaintiff and defendant.

On May 7, 1953, plaintiff commenced this action in Dolores County by filing with the clerk of the court at Dove Creek his complaint seeking " * * * adjudication that the plaintiff and defendant * * * were and are general partners from and after December 1, 1951 * * *," for partnership accounting, the appointment of a receiver, and for $20,000 damages for conversion by the defendant of partnership assets. The complaint shows the plaintiff to be represented by Denver and Cortez counsel and shows the plaintiff's address as "Cortez, Colorado."

On September 1, 1953 (extension of time for filing answer having been agreed to by plaintiff), the defendant filed his answer denying generally the allegations of the complaint, and particularly denying that there was ever any partnership. Defendant's answer shows him to be represented by Cortez counsel.

On October 14, 1954, at the call of the docket at Dove Creek, one of Cortez counsel for plaintiff appeared and in open court stated:

"May it please the Court, at this time counsel for Mr. Thompson should like to move the Court to permit counsel to withdraw appearance, due to the fact of Mr. Thompson's failure to respond to numerous letters and to prepare for the presentation of his action. As far as we are able to learn he is not in the State of Colorado and has not been for several months. We would like to withdraw our appearance. Our letters have been addressed to his last known address. He has failed and refused to cooperate with counsel."

The following then ensued:

"THE COURT: Does that request extend for * * * [Denver Counsel]?

"MR. * * *: Yes.

"THE COURT: I think we will *postpone granting the request* and place it on the trial docket.

"I think before permitting withdrawal you should notify counsel, that would be fair to the defendant, and that may be understood, after trial setting you may renew request for withdrawal. The cause will be passed and placed on the trial docket for trial setting." (There is nothing in the record to indicate that this suggestion was followed.)

On December 10, 1954, at Dove Creek, the court set various cases for trial and set this case for trial on March 7, 1955, at 10:00 A.M. A member of the Cortez firm of attorneys representing plaintiff was present at the time. On December 14, 1955, a setting order was entered as follows:

"On this day, IT IS ORDERED:

"That the schedule attached hereto and made a part hereof shall constitute the partial trial calendar of causes now at issue in the District Court of said County for the October, 1954 Term, and that a copy of this Order, forwarded to each attorney or firm of attorneys of record in any of said causes shall constitute Notice to parties and counsel of such trials and the settings thereof.

"DONE AND SIGNED at Chambers this 14th day of December, 1954.

JAMES M. NOLAND
DISTRICT JUDGE"

Copy of this order with schedule attached, showing this case set for trial March 7, 1955, was mailed to and received by plaintiff's Cortez attorneys.

On February 25, 1955, plaintiff's Cortez counsel filed "MOTION TO WITHDRAW APPEARANCE OF COUNSEL," wherein they requested that they and Denver counsel be permitted to withdraw. The motion is verified, and in addition to reasons previously urged for withdrawal, alleged that plaintiff had about one year previously (about February 25, 1954) discharged his attorneys of record, had procured from his Cortez attorneys his file on the case, and had announced that he had

retained the services of another Cortez attorney. This motion shows:

"Address of plaintiff,
Last known address,
Grand Junction, Colorado."

This motion was never ruled upon and as of now remains undetermined.

On March 7, 1955, at Dove Creek the case was called for trial. The defendant and his counsel were present. Neither the plaintiff nor anyone representing plaintiff was present. Whereupon the court entered its order dismissing the case with prejudice and formal judgment was entered, dated March 7, 1955, which provides:

"Now on this 7th day of March, 1955, the above captioned matter coming on for trial to the Court pursuant to Trial setting heretofore made by Order of the Court entered the 14th day of December, 1954, and it appearing to the Court that notice of said trial setting was duly given to all attorneys of record herein; * * * and the defendant, William R. McCormick, now appearing, both in person and by his attorneys, * * *, and plaintiff appearing not, neither in person nor by attorney,

"NOW THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that the above captioned matter be, and the same hereby is, dismissed with prejudice and it is FURTHER ORDERED, ADJUDGED and DECREED that the defendant, William R. McCormick, have and recover judgment from plaintiff for said defendant's costs herein expended and to be taxed by the Court.

"Done in Open Court this 7th day of March, 1955.

"BY THE COURT
James M. Noland
Judge"

On September 16, 1957, plaintiff, through his present counsel, filed his "MOTION TO VACATE JUDGMENT," wherein plaintiff urges that the judgment is (a) void because entered without notice; (b) procured by a fraud upon the court; (c) that plaintiff has a just claim and is

entitled to have it determined on its merits. This motion is supported by several affidavits. Defendant has filed no responsive pleading other than a motion to strike plaintiff's motion to vacate.

Testimony was taken and exhibits introduced in evidence purporting to support the motion. At the close of the testimony the court took the matter under advisement and, after reviewing all of the court records and testimony, entered its order denying the motion to vacate the judgment. In this order the court reviewed all of the pertinent portions of the record and testimony and found that plaintiff had, on or about May 8, 1954, taken from his Cortez attorneys all of their office files pertaining to the case and that plaintiff considered this as an act of final discharge of said attorneys, and that he never notified the court of such discharge; that plaintiff never employed other counsel, though he did have some preliminary negotiations looking thereto; that the oral request of counsel for permission to withdraw was denied and counsel were continued as the record attorneys for plaintiff; that Cortez counsel was present on December 10, 1954, when the case was set for trial, and a copy of the trial calendar, showing the setting of this case, was mailed to and received by Cortez counsel; *that Cortez counsel testified* that on February 22, 1955, he directed a letter to the plaintiff addressed to Cortez, Colorado, plaintiff's address as shown on the complaint, informing plaintiff of the March 7th setting, and that such testimony remains unrefuted *except by plaintiff's assertion that he did not receive it;* that no formal action was taken on counsel's formal motion to withdraw, filed February 25, 1955; that on March 7, 1955, plaintiff was not present in person or by counsel nor had plaintiff yet made any desires known to the court concerning discharge or employment of counsel.

The trial court stated:

"2. Void Judgment. The basis of this ground is lack of notice to the plaintiff of trial setting. Under the find-

ings and recitation of facts above, this ground cannot be sustained. The plaintiff, *on May 8, 1954, discharged his attorneys.* He did not in any manner advise either the Court or the defendant, neither of whom had knowledge of such action. The case was even then at issue, and subject to trial setting. On October 4, 1954, five months later, one of plaintiff's 'former' attorneys, *still attorney of record as far as the Court was concerned,* asked leave to withdraw, stating that the whereabouts of plaintiff were and had been for some time unknown. The Court, conceiving it to be its duty to protect all litigants in a case, and to provide for the orderly disposal of all cases before it, denied the request. Under such circumstances as here shown, to have permitted withdrawal of counsel at this juncture would have been to deprive defendant of his day in Court for an indeterminable period. Was it the duty of the Court and of the defendant to search out the plaintiff? Was it not rather plaintiff's duty, on May 8, 1954, to give notice to the Court that he was disposing of counsel who had appeared of record for him — and to employ other counsel whose appearance could have been entered? Seven months intervened without his having done either, and with knowledge on his part that he was a litigant in this Court. *Furthermore, the counsel whom he had discharged, still recognizing their duty as continuing attorneys of record,* did, according to the evidence presented here in behalf of plaintiff himself, address to him on February 22, 1955, a letter to his address of record in the Court, advising him of trial setting. To sustain plaintiff's contention here would be to divest the Courts of any powers to bring their cases to final determination — for any litigant, by the means of discharging his attorneys, not engaging successors, and remaining away from the Courtroom could interminably stay all further proceedings, or if proceedings be had, as here, claim 'void' the judgment." (Emphasis supplied.)

In the case before us, plaintiff sets forth a claim against the defendant, defendant denies there is any

merit to plaintiff's claim, the issue remains unresolved, and if the judgment of dismissal with prejudice were permitted to stand would forever remain unresolved.

As of March 7, 1955, plaintiff, according to the trial court's ruling, was in an anomalous position indeed; he was the plaintiff in a lawsuit; he had, and the court so found on May 8, 1954, discharged his attorneys; he had not prior to trial employed other counsel, and yet his original counsel, who had been stripped of all authority to speak for plaintiff, or to accept or receive any notice on his behalf, were denied permission to withdraw as counsel and were considered by the court as counsel of record and retaining enough of the attributes of attorney for plaintiff as to constitute notice to the attorney as notice to the plaintiff.

█ With this conclusion we do not agree. Clearly plaintiff had the right to discharge his attorneys and, having done so, they were in no position to bind plaintiff in any manner; they had lost their former status as being his agent for service of certain notices and processes of the court. The court, in denying counsel's request for permission to withdraw, could not create or continue the relationship of attorney and client contrary to the expressed wishes of the client.

Counsel, after their discharge, continued their status as officers of the court and subject to its lawful orders — to hold that they continued the status as attorneys for plaintiff finds no sanction in law or fact.

According to the court's findings, plaintiff was without counsel from May 8, 1954, until long after the judgment was entered on March 7, 1955. True, the record does not show that the court was aware of this fact until filing on February 25, 1955, of counsels' formal motion to withdraw.

█ Service of trial notice on counsel, who had ten months previously been discharged, was ineffectual for any purpose.

Had the trial court granted permission to withdraw,

such action would have been compatible with the existing facts; refusal to rule on the motion or denial thereof could only continue a fiction and ignore the facts.

The court acted sua sponte in dismissing plaintiff's case with prejudice. If the judgment entered be considered one in default, then there was no compliance with Rule 55, R.C.P. Colo., which provides:

" * * *.

"(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. * * *."

There was no application for default judgment nor notice, so the court's action finds no support under this rule.

If the judgment be considered one of involuntary dismissal, then there was failure to comply with Rule 41, R.C.P. Colo.:

" * * *.

"(b) Involuntary Dismissal.

"(1) By Defendant. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *.

"(2) By the Court. Actions not prosecuted or brought to trial with due diligence may, on notice, be dismissed with prejudice by the court pursuant to rules adopted by it."

Here again, there was failure to comply with the rule — there was no motion for dismissal; there was no notice or service thereof, as provided by Rule 5, R.C.P., and no compliance with the trial court's Rule 36.

The judgment of dismissal having been entered without notice is void and is subject to direct or col-

lateral attack. Laches does not preclude attack upon a void judgment. The court was in error in entering judgment, also in error in denying plaintiff's motion to vacate the judgment.

The judgment is reversed and the cause remanded with directions to sustain the motion to vacate, grant counsels' motion to withdraw, enter an order vacating the judgment of March 7, 1955, and to proceed with the trial of the case on its merits.

MR. JUSTICE DAY not participating.