No. 19,569.

Marvin Dalton *v.* The People of the State of Colorado, in the Interest of Sally Ann Moors.
(360 P. [2d] 113)

Decided March 13, 1961.

Messrs. DELANEY AND COSTELLO, for plaintiff in error.

Mr. DONALD C. KELLEY, Mr. FRANK A. ELZI, Mr. ROBERT A. POWELL, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

ON March 28, 1957, Lila W. Moors filed her verified petition in the Juvenile Court of the City and County of Denver, Colorado, wherein she alleged that she was the mother and that Marvin Dalton was the father of Sally Ann Moors, a child of the age of eighteen months, and that said child was dependent and neglected by reason of the failure of Dalton to support said child.

On April 11, 1957, Dalton, having been duly served with proper process, through counsel of his choosing, filed an answer to said petition and specifically denied that he was the father of said child.

After several dates for trial had been made and vacated or continued, the case was finally set for trial on February 25, 1958. On that date counsel for the petitioner as well as counsel for Dalton appeared before the Juvenile Judge and presented a stipulation to the effect that counsel for Dalton be permitted to withdraw from the case. On that very same day a formal order was entered permitting Dalton's counsel to withdraw and on the same day hearing was had on the issues presented by the petition of Lila W. Moors and the answer of Dalton. No record of what transpired at that hearing is

before us and none is available. At the close of this hearing the trial court entered an order or judgment decreeing that Dalton was the father of the infant and directing that he pay $40.00 per month into the registry of the court, to be:

" * * * turned over to the Denver Department of Welfare to reimburse said agency for the money going into the home of Lila W. Moors, petitioner herein, for the benefit of said child."

On April 21, 1960, Dalton, having been charged with nonsupport of said child in a criminal information filed in the district court, filed his verified motion herein seeking to have the above mentioned order or judgment vacated and set aside, and requested that he be granted a hearing on the issues made up by the petition and answer. In support of this motion he set forth the facts above stated and alleged further that he had no knowledge of the fact that his attorney had asked for or been granted permission to withdraw; that he had received no notice from his attorney or at all of the scheduled hearing for February 25, 1958; and that the trial court was without authority to proceed in the matter without proper notice to him.

This motion was set for hearing before the Honorable James A. Murphy, County Judge of Clear Creek County. On hearing thereon Dalton asked leave to testify to the facts set forth in his petition, which request being denied an offer of proof was made. The motion to vacate was denied and Dalton is here by writ of error seeking reversal.

█ Though it may have been within the province of the trial court to permit counsel to withdraw on the date set for trial, it was not within the province of the court or due process on the part of the court to proceed ex parte to adjudicate Dalton's rights in his absence and while he was justified in feeling that his interests were being taken care of by his attorney of record.

█ Dalton may have been somewhat remiss in not

18

keeping himself informed of the progress of his case; however, he had employed counsel to represent him and had a right to assume that he would not by sanction of the court be left without counsel, without knowledge of that fact, without notice from the court or counsel that his case was to be heard, and then have his rights and duties adjudicated without notice and ex parte. Such proceedings fall far short of due process and any judgment entered under such circumstances is void and subject to direct or collateral attack. *Thompson v. McCormick,* 138 Colo. 434, 335 P. (2d) 265; *Michels v. Clemens,* 140 Colo. 82, 342 P. (2d) 693; *Davidson Chevrolet, Inc. v. City and County of Denver,* 138 Colo. 171, 330 P. (2d) 1116.

Upon the record as here presented, we conclude that the judgment entered on February 25, 1958, is void and must be vacated for want of notice and due process.

The judgment is reversed and the cause remanded to the trial court with directions to vacate the judgment and order of February 25, 1958, and after proper notice to the parties hereto conduct such further proceedings herein as may be proper.

MR. JUSTICE DOYLE and MR. JUSTICE McWILLIAMS concur.