**438**

468 P.2d 409

Peter KUZEMCHAK and Lois Kuzemchak,
Plaintiffs-Appellees,

v.

C. R. PITCHFORD and Jean Pitchford,
Defendants-Appellants,

and

Frank Brown and Bennie Brown, and Frank
Brown and Bennie Brown, d/b/a Brown
Realty and Brown Title Company, Los
Lunas, New Mexico, Garnishees.

No. 8823.

Supreme Court of New Mexico.

March 23, 1970.

Rehearing Denied May 4, 1970.

Menig & Sager, Edward T. Curran,
Albuquerque, for defendants-appellants.

Hanna, Mercer & Carpenter, Albuquerque, for plaintiffs-appellees.

OPINION

WATSON, Justice.

In 1964, the Kuzemchaks, appellees herein, filed their complaint against the Pitchfords, appellants herein, alleging that in a written agreement to purchase their home the Pitchfords had assumed and agreed to pay the outstanding mortgage thereon. They further alleged that the Pitchfords' failure to pay the mortgage in accordance with the agreement resulted in a deficiency judgment on its foreclosure which the Kuzemchaks had been required to pay and for which they sought judgment against the Pitchfords. The trial court dismissed the complaint on the theory that the deed given to the Pitchfords, which conveyed the home, recited only that it was subject to the mortgage, and that the acceptance of the deed superseded the agreement and eliminated the obligation in it. On appeal we reversed. Kuzemchak v. Pitchford, 78 N.M. 378, 431 P.2d 756 (1967). The trial court, on our mandate, entered judgment for the Kuzemchaks and against the Pitchfords. The result was a judgment for breach of contract based upon a complaint that alleged solely the breach of the agreement to pay the mortgage.

On October 16, 1968, a writ of garnishment was issued upon this judgment. On October 21, 1968, involuntary petitions in bankruptcy were filed against the Pitchfords, who thereupon asked the trial court to release the writ of garnishment because the judgment was discharged by their bankruptcy. This request was granted by ex parte order; but after a hearing upon a motion to vacate this order, filed by the Kuzemchaks, the court vacated it and let the garnishment proceed. This appeal followed.

The issue presented by the motion to vacate was whether the judgment indebtedness was one dischargeable by the bankruptcy act (11 U.S.C.A. § 35[a] [2]). Both parties filed requested findings and conclusions on this issue, and the Court adopted the plaintiffs' (judgment holders)

submitted findings and conclusions to the effect that the judgment was not discharged by appellants' bankruptcy.

Section 17(a) (2) of the Federal Bankruptcy Act, 11 U.S.C.A. § 35(a) (2), excepts from discharge in bankruptcy "liabilities for obtaining money or property by false pretenses or false representations * * * "

Appellants' sole point is:

"IT IS ERROR FOR A COURT TO DETERMINE A JUDGMENT NOT DISCHARGEABLE IN BANKRUPTCY UNDER 11 U.S.C. SEC. 35 a.(2), WHEN THE TRIAL COURT'S JUDGMENT, THE SUPREME COURT MANDATE AND THE SUPREME COURT OPINION ON WHICH THE SAID JUDGMENT WAS BASED, AND THE RECORD PROPER, CLEARLY SHOW THAT THE JUDGMENT WAS NOT BASED ON FALSE PRETENSES OR FALSE REPRESENTATIONS FRAUDULENTLY MADE."

The trial court reviewed the record and the transcript of the testimony taken at the trial of the case and found that the appellants, Pitchfords, were realtors and only purchased the home of the appellees for the purpose of immediate resale but, in order to induce Mrs. Kuzemchak to sell it, had falsely and fraudulently represented that they wanted it for their personal use and occupancy and would assume the mortgage and protect the Kuzemchaks for any liability under it. The court further found that the appellees, in reliance solely upon these false representations, sold their home to appellants expecting them to make the payments on the mortgage, which they did not do. Instead, appellants immediately resold the house and did not protect appellees in their obligation under the mortgage. The court concluded that the judgment entered herein was thus *"based upon an indebtedness which was incurred as a result* of false pretenses and false representations fraudulently made by appellants to appellees"* (emphasis ours). It was upon this

conclusion that the trial court held the debt was not discharged by bankruptcy and permitted the garnishment to proceed.

Is a judgment "based upon an indebtedness which was incurred as a result of false pretenses" a "liability for obtaining money or property by false pretenses" as is required if it is to be exempted from discharge by bankruptcy? We believe the answer is yes.

The court will examine the underlying cause of action in determining the question of dischargeability of a judgment. 1 Collier Bankruptcy Manual, § 17.00 at 205 (2nd ed. 1969). Prior to the act of February 5, 1903 (32 Stat. at L. 797, ch. 487), § 17(a) (2) of the Bankruptcy Act, supra, used the word "judgments" instead of "liabilities." This, the cases hold, indicates that Congress intended to use as a basis for withholding the discharge the nature of the obligation rather than the form of the judgment. 7 Remington on Bankruptcy, § 3538 (5th ed. 1939).

The question upon which the courts are divided, however, is: May the judgment creditor go behind his judgment, and if so, how far, when the issue as to its dischargeability is raised? The authorities are divided. Miller v. Rush, 155 Colo. 178, 393 P.2d 565 (1964). Three conclusions have been reached including:

1. That the judgment is conclusive and the court will not go behind the record proper to determine the facts.

Consolidated Plan of Connecticut v. Bonitatibus, 130 Conn. 199, 33 A.2d 140 (1943); National Finance Co. of Provo v. Daley, 14 Utah 2d 263, 382 P.2d 405 (1963); Peerson v. Mitchell, 205 Okl. 530, 239 P.2d 1028, 26 A.L.R.2d 1362 (1950), cert. denied 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 652 (1951); In re Fuller (M.D.Pa., 1937), 18 F.Supp. 394; Harrison v. Donnelly, 153 F.2d 588 (8th Cir. 1946).

2. That a review of the whole record including testimony is permitted to determine the nature of the claim.

Allen v. Lindeman, 164 N.W.2d 346 (Iowa 1969); Wegiel v. Hogan, 28 N.J.Super. 144, 100 A.2d 349 (1953); In re Dutkiewicz, 27 F.2d 334 (W.D.N.Y. 1928); In re Kubiniec, 2 F.Supp. 632 (W.D.N.Y.1932); 1 Collier Bankruptcy Manual, § 17.00 (2nd ed. 1969).

3. That review of the entire record and transcript of the original proceedings together with any extrinsic evidence is permitted.

Fidelity & C. Co. v. Golombosky, 133 Conn. 317, 50 A.2d 817, 170 A.L.R. 361 (1946).

It appears that number 3 above is authorized by only a minority of the courts. Anno. 170 A.L.R. 368; Miller v. Rush, supra. There are, however, well-reasoned opinions supporting it, including: United States Credit Bureau v. Manning, 147 Cal.App.2d 558, 305 P.2d 970 (1957); Levin v. Singer, 227 Md. 47, 175 A.2d 423 (1961); Greenfield v. Tuccillo, 129 F.2d 854 (2nd Cir. 1942). See also Welsh v. Old Dominion Bank, 229 A.2d 455 (D.C.C.A.1967).

The question is one of first impression in New Mexico. Appellants relying upon the reasoning in Consolidated Plan of Connecticut v. Bonitatibus, supra, would have us follow conclusion number 1 above. Appellees contending for the reasoning in Fidelity & C. Co. v. Golombosky, supra, would have us follow conclusion number 3 above. Both of these opinions are by the Connecticut Supreme Court of Errors. The personnel of that court remanded the same in each case, although Judge Dickenson, who wrote the first opinion, did dissent in the second opinion, written by Judge Maltbie. We must admit that our attempt to balance the basic reasons for the different rules against foreseeable applications of them has been as disturbing to us as it apparently was to the Connecticut court.

A review of the record before us on the issue of dischargeability does not indicate that any extrinsic evidence was offered or received, but that the trial judge simply reviewed the entire record and the transcript of the proceedings which had been

prepared for the first appeal to this court. There is no indication that any party attempted to offer additional evidence or that, if offered, it would not have been reviewed. For the purpose of this case, therefore, we need only decide whether the court was limited to a review of the record proper or could also review all prior proceedings and testimony in the case to determine the dischargeability of the judgment.

In National Finance Co. of Provo v. Daley, supra, a suit was brought on a prior judgment rendered on a promissory note. There, the court held that a judgment based solely on the note obligation, where there were no issues or mention of fraud in the case, was conclusive as to its nondischargeability. The Utah court said:

> "In our judgment it better comports with the orderly processes of justice to require the plaintiff to bear the responsibility of pleading, proving and claiming the full benefit of whatever character of cause of action he possesses in the original action and of being bound thereby, than to allow another trial upon the same cause of action raising issues which could have been dealt with in the original action. This rule also serves the purposes of the bankruptcy act and at the same time leaves the way open to guard against the discharge of debts of the character excepted from discharge if the facts so justify."

We are not so sure that it comports to the orderly process of justice to require the plaintiff to plead and prove fraud at a time when bankruptcy is not within the contemplatiton of the parties and when he can obtain the judgment he then requires without going into the fraud aspect which then appears entirely unnecessary. Perhaps some clemency on the part of the creditor in the original action is conducive to the orderly process of justice. Perhaps he should not be forced, in order to protect himself against the unexpected bankruptcy of the debtor, to press upon the court unnecessarily this usually vigorously contested issue. Granted, the so-called minority rule may occasion two hearings when one might do. Yet, if the creditor can safely take the note or obtain the uncontested judgment, the first hearing is eliminated or minimized; and, of course, the possibility of the second hearing is usually remote.

 Neither are we sure that the purpose of the bankruptcy act is best served by thus limiting the investigation into the fraud or barring the issue when the occasion for its determination arises. Gehlen v. Patterson, 83 N.H. 328, 141 A. 914 (1928). The obvious purpose of the act is to grant a discharge of honest debts to honest debtors. Williams v. U. S. Fidelity Co., 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915). The act clearly did not extend its remedial purposes to those who have obtained property by false pretenses any more than to those who dishonestly misappropriated funds, as was the case in Levin v. Singer, supra.

 In the case before us the findings of the trial court are supported by the evidence at the trial as shown by the transcript. These findings support its conclusion that the indebtedness was incurred as a result of false pretenses. We believe that both justice and the purpose of the bankruptcy act are better served by permitting the trial court to review the entire record, including the transcript of the testimony, than by limiting it to the form of judgment and the record proper. See Allen v. Lindeman, supra, and cases under conclusion 2 above.

Finding no error in the trial court's order of December 18, 1968, vacating the order staying the garnishment, the same is affirmed.

It is so ordered.

COMPTON, J., and CASWELL S. NEAL, District Judge, concur.