**In re Jessie Lewis NICHOLAS and Grace Nicholas (NMI), Bankrupts.**

**Edith RALEY, Plaintiff-Appellant,**

v.

**Jessie Lewis NICHOLAS and Grace Nicholas, Defendants-Appellees.**

**No. 74–1490.**

United States Court of Appeals, Tenth Circuit.

Jan. 29, 1975.

Certiorari Denied June 9, 1975.

See 95 S.Ct. 2417.

Anthony F. Avallone, Las Cruces, N. M., for plaintiff-appellant.

F. L. Nohl, Albuquerque, N. M., for defendants-appellees.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a bankruptcy matter in which the trial court granted summary judgment in favor of the bankrupts. The creditor had filed a complaint in the bankruptcy proceedings seeking a determination that her claim was nondischargeable under the provisions of 11 U.S.C. § 35(a)(2), (4), and (8). The claim had previously been reduced to judgment in the state courts of New Mexico.

In opposition to the complaint the bankrupts filed a motion for summary judgment, alleging that there was no genuine issue of material fact. Attached to the motion was a certified copy of the proceedings in the state court of New Mexico, including a copy of the complaint and the default judgment entered when the defendants in that action, the bankrupts here, failed to appear. In opposition to the motion for summary judgment the claimant filed an affidavit made by her son, about which more will be said later.

Based on the record as thus made the trial court granted the motion for summary judgment and held that the claim in question was dischargeable under applicable bankruptcy law. The claimant now appeals. Under the circumstances we conclude that the trial court acted properly. Additional detail is necessary in order to give meaning to our conclusion.

Edith Raley, the claimant, sold certain cattle and dairy equipment to Jessie L. Nicholas and Grace Nicholas, hereinafter referred to as Nicholas, under a conditional sales contract. Nicholas later failed to perform as called for by the contract and Raley then instituted an action for breach of contract in the district court for Dona Ana County, in New Mexico. Attached to the complaint filed in the state court was a copy of the conditional sales contract. The complaint stated that Nicholas had breached the contract in two particulars. No mention was made in the complaint of any fraud or deceit or malicious conversion on the part of Nicholas.

As indicated, Nicholas did not respond to service of process, and a default judgment was entered against him. No mention was made in the judgment of any fraud or malicious conversion on the part of Nicholas, the court simply noting that "the plaintiff should be accorded the relief requested in the complaint."

Thereafter Nicholas filed a voluntary petition in bankruptcy, and listed the Raley judgment as one of his outstanding debts. It was in this setting that Raley filed her complaint in the bank-

ruptcy proceedings seeking to have her claim based on the New Mexico judgment declared to be a nondischargeable claim. As grounds therefor, Raley alleged that the liability was the result of false pretenses, fraud, and embezzlement on the part of Nicholas, and, alternatively, that the debt represented a liability for willful and malicious injury to property. *See* 11 U.S.C. § 35(a)(2), (4), and (8). Nicholas responded to this complaint with the motion for summary judgment referred to above. Raley then filed an affidavit of her son wherein the latter declared, among other things, that Nicholas had advised him, the affiant, that "he [Nicholas] did not want to cheat anybody, but he admitted breaking every rule in the contract he signed with my mother." This in our view is the only part of the affidavit that has any possible bearing on our problem.

The referee in bankruptcy granted the motion for summary judgment and dismissed the complaint and the action set forth therein. On appeal the trial court affirmed the action taken by the referee and held that the claim was dischargeable in bankruptcy. Raley now appeals. We affirm.

In granting summary judgment the trial court held that on the record as theretofore made in the New Mexico state court, which included the complaint, the conditional sales contract attached to the complaint and the default judgment entered on the complaint, there was a clear showing that the liability of Nicholas was founded on breach of contract and not fraud, deceit or malicious conversion, and that accordingly there was no need to resort to extrinsic evidence in any effort to ascertain the true nature of the underlying liability. The trial court indicated that if there were ambiguity or doubt in connection with the state court proceeding, then resort could be made to so-called extrinsic matters. In thus holding, the trial court declined to take into consideration the affidavit of Raley's son. We find no error in thus declining to consider this affidavit, which actually did not in anywise contradict the complaint or the judgment as entered in the New Mexico

court. In fact, the affidavit supports the proposition that Nicholas' liability was based on breach of contract, not fraud. As above noted, Raley's son declared that Nicholas had told him that he (Nicholas) didn't intend to "cheat" anyone, though he had broken "every rule in the contract."

A discharge in bankruptcy releases a bankrupt from all of his provable debts with certain exceptions. For example, a discharge in bankruptcy does not release a bankrupt from liabilities incurred by obtaining money or property by means of false pretenses or false representations. 11 U.S.C. § 35(a)(2). Whether a given liability is one for simple debt or fraud thus determines whether it is dischargeable in bankruptcy and it is a matter which has previously caused conflict between the federal and state courts. However, in 1970 Congress empowered the bankruptcy court to determine the dischargeability of debts, and, after such amendment, an application must now be timely filed by the creditor in the bankruptcy court if he would have his claim be determined to be nondischargeable. 11 U.S.C. §§ 11, 32 and 35, as amended. *See* Collier on Bankruptcy, Vol. 1A, ¶ 17.01, pp. 1580–1580.1, and ¶ 17.16 [6], p. 1649.

Contrary to the assertion of counsel for Raley, we do not regard the amendments of 1970 to have in anywise changed the substantive law on the precise problem here at hand, which is: May a creditor whose claim for breach of contract has previously been reduced to judgment in a state court go "behind" the record as made in the state proceeding and attempt to show by extrinsic evidence that the liability was in reality one based on fraud? The trial court held that where, as here, the entire record, not just the judgment, of the state proceeding established clearly that the liability was one for damages caused by breach of contract, and not fraud, there would be no resort to extrinsic evidence. We agree, although we are aware that the authorities on this point are not in accord. For two cases from state courts which summarize quite well the competing views on this subject, *see* Kuzemchak

v. Pitchford, 81 N.M. 438, 468 P.2d 409 (1970), cert. denied, 400 U.S. 833, 91 S.Ct. 66, 27 L.Ed.2d 64 (1970), and Miller v. Rush, 155 Colo. 178, 393 P.2d 565 (1964). In the latter case appears the following pertinent comment:

"Only one question is presented here, and that is: May a court which has entered a judgment go outside of the record to determine whether the judgment is discharged by a general order of discharge in bankruptcy proceeding instituted by the judgment debtor, and in which proceeding the judgment creditor has filed a claim on its judgment alleged to be based upon the bankrupt's obtaining money by false pretenses and representations?

"Many courts have considered this matter under varying circumstances and are at wide variance in their opinions.

"Three conclusions have been reached:

"1. The judgment is conclusive and the court may not go behind it to determine the facts on which predicated.

"2. Review of the whole record of the case may be had to determine the real nature of the claim which was reduced to judgment.

"3. Not only review of the whole record may be had, but the court may go outside thereof to determine the nature of the claim (this is a decided minority view).

"Miller here urges that we should follow the minority rule. The trial judge refused to go outside of the record to determine the real basis of the judgment."

Concerning the effect of a judgment on the character of a liability, the following appears in Collier on Bankruptcy, Vol. 1A, ¶ 17.16 [4], pp. 1643–6:

"Since the amendment of 1903, which has been incorporated into the Act of 1938 the right of action need not be reduced to judgment; mere 'liabilities' for obtaining property by false pretenses are excepted from the operation of a discharge. The question arises, however, whether the obtaining of a judgment prevents an inquiry into the original nature of the obligation. In general the reduction of a claim to a judgment does not affect its nature as a nondischargeable debt, dischargeability being dependent upon the nature of the claim behind the judgment. *Where, however, a liability has been prosecuted to judgment, the record is usually held decisive as to the character of the claim upon which the judgment is founded, and cannot be affected by the introduction of parol evidence except in the case of ambiguity. In order that a judgment based upon a fraudulent representation may be excepted from the operation of a discharge, the record in the action must show that fraud and deceit were the 'gist and gravamen' of the action.* A judgment obtained by default, where the claim is to recover for property obtained by false pretenses or false representations, will be excepted from the discharge, as in the case of a judgment obtained in a contested action." (Emphasis added).

In the instant case the trial court examined not just the judgment, but the entire record as made by Raley in her state proceeding against Nicholas, including the complaint and the conditional sales contract, as well as the judgment, and concluded that the liability was one for breach of contract. We find no error in so holding. The complaint was based on a breach, in two specified particulars, of the conditional sales contract, and does not contain a whisper of fraud. Nor is there anything in the judgment itself to indicate that the judgment is based on anything but damages flowing from breach of contract. In such circumstances we conclude that the trial court was correct in declining to permit Raley to go behind the record as previously made in the New Mexico state court and attempt to show that the liability was in fact based on fraud and deceit, and therefore nondischargeable. Such action we believe is in accord with the general rule on the subject and also squares with the rationale of two earlier Tenth Circuit cases, Personal Industrial Loan Corporation v. Forgay, 240 F.2d 18

**164**

(10th Cir. 1956), and State Finance Company v. Morrow, 216 F.2d 676 (10th Cir. 1954). These two cases merit comment.

In *Morrow*, the bankrupt was discharged from all provable debts, one of which was a balance due a loan company on a note. After the discharge the loan company filed suit on the note in the state court. The bankrupt thereupon instituted ancillary proceedings in the bankruptcy court to enjoin the loan company from prosecuting the action in the state court after discharge in bankruptcy. The loan company argued that though its complaint in the state court was based on a promissory note, in reality its claim was based on a liability created by the false representations made by the bankrupt, and that the debt was therefore nondischargeable. The trial court enjoined the loan company from proceeding further with its action against the bankrupt in the state court. On appeal, this court affirmed and held that the trial court was justified in concluding that the suit brought by the loan company in the state court was one for debt, as it had alleged in its complaint filed in the state court, and not for fraud, as it had argued in the bankruptcy court. We deem *Morrow* to be analogous to the instant case.

*Forgay* involved a somewhat different set of facts. There, the bankrupt was discharged, and the claim of the loan company was one of the listed debts. The loan company did not appear in the bankruptcy proceeding, but filed an action in the state court alleging that the debt was nondischargeable because of a false financial statement made by the bankrupt. Default judgment was later rendered against the bankrupt in the state proceeding. When the loan company began to garnishee the bankrupt's wages, the latter instituted ancillary proceedings in the bankruptcy court to enjoin the loan company from pursuing execution. The trial court enjoined and on appeal this court affirmed. In affirming this court examined the complaint as filed in the state court and concluded that it was predicated on debt, and not fraud, notwithstanding the allegations regarding a false financial statement.

In thus concluding, this court held that the fraud was not well pleaded, and that the complaint was essentially one for debt, and therefore was dischargeable in bankruptcy. It was on this basis that the trial court's action enjoining the loan company from pursuing its garnishment was upheld.

In sum, then, on the basis of the record before it, the trial court in the instant case did not err in granting the bankrupt's motion for summary judgment. The record of the proceedings in the state court clearly indicated that the liability was one for damages arising out of breach of contract, and not fraud. Under such circumstances, there was no need to resort to extrinsic evidence.

Judgment affirmed.