**In re Arthur Larry WINTERS and Patricia Ann Winters, Bankrupts.**

**Merlin WILKE, Plaintiff-Appellee,**

**v.**

**Arthur Larry WINTERS and Patricia Ann Winters, Defendants-Appellants.**

**No. 77–1151.**

United States Court of Appeals, Tenth Circuit.

Argued Aug. 10, 1978.

Decided Nov. 9, 1978.

Thomas C. Singer, Denver, Colo., for defendants-appellants.

James R. Craig, Jr., Greeley, Colo. (Edward Olin Venable, Greeley, Colo., on the brief), for plaintiff-appellee.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a bankruptcy case. Arthur Larry Winters and Patricia Ann Winters, appearing *pro se,* filed a petition for bankruptcy with the United States District Court for the District of Colorado. They listed as a creditor one Merlin Wilke. The Winters were thereafter adjudicated bankrupt and obtained a stay order. Wilke then filed a complaint with the bankruptcy court wherein he sought a determination that Winters' indebtedness to him was non-dischargeable and asked for relief from the stay order. Wilke's claim was based on a judgment which he had previously obtained against the Winters in the District Court in and for the County of Weld, State of Colorado. The state judgment relied on by Wilke was for money damages based on fraud and provided for body execution.

After hearing, the bankruptcy judge held that the judgment of the state court was void and subject to collateral attack, at the same time granting Wilke leave to amend his complaint and set forth the facts underlying his claim that the indebtedness was non-dischargeable. Wilke declined to amend his complaint and chose to appeal the ruling of the bankruptcy judge to the United States District Court for the District of Colorado.

On appeal, after hearing, the district court held that as a matter of law the judgment of the state court relied on by Wilke was not void for lack of due process, and that the bankruptcy judge had erred in so holding. The district court, however, also held that the issue as to the non-dischargeability of the indebtedness could not be resolved on the basis of the judgment of the state court, since that judgment "did not contain findings of fact necessary to the resolution of the issues of non-dischargeability of any or all of the subject indebtedness, . . . .." In accord with this latter holding, the district court directed that upon remand to the bankruptcy court Wilke be given opportunity to file an amended complaint and that adversary proceedings should then be held by the bankruptcy judge who should, after an evidentiary hearing, make a *de novo* decision as to the non-dischargeability of the indebtedness. Winters now appeals that order of the district court. Wilke did not file a notice of appeal.

At the hearing in the bankruptcy court the Clerk of the District Court for the County of Weld, State of Colorado, testified concerning the state judgment against the Winters. From the clerk's testimony, and from the documentary evidence received in connection with the clerk's testimony, we learn that Wilke filed an action in the District Court for Weld County against the Winters, and others, seeking money damages for fraud and body execution. The Winters were served with process and retained counsel, who filed an answer which contained a counterclaim. It would appear that on or about June 12, 1974, a default judgment was entered against the Winters and in favor of Wilke. However, on October 4, 1974, that judgment was set aside at

the request of Winters' counsel, and the case was set for trial on February 5, 1975.

On February 4, 1975, Winters' counsel asked for a continuance of the trial setting. In the motion for a continuance appeared the following:

. . . counsel has had no communication from the defendants in said action for more than four months; that counsel does not know where said defendants are, and is unable to communicate with them. Counsel believes that defendants will be unable to appear for trial on February 5, 1975.

The state trial court denied this request for a continuance, whereupon Winters' counsel filed a motion to withdraw, stating as follows:

In support thereof, counsel informs the Court and states that he has had no communication from the defendants for more than four months; that defendants left their previous residence and have not informed counsel of their new address or as to how they can be reached. Counsel has made repeated efforts to communicate with defendants, and has been unable to do so. The matter is set for trial on February 5, 1975, and counsel cannot proceed to trial without the presence of the defendants.

The trial court granted counsel's motion to withdraw on February 4, 1974. As previously scheduled, the case came on for trial on February 5, 1975. The Winters were not personally present, nor were they represented by counsel. Trial ensued, with Wilke, the plaintiff in the state trial court, putting on his evidence. The state trial court then entered judgment for Wilke and dismissed Winters' counterclaim. No motion to vacate that judgment has been filed. It is this judgment which the bankruptcy judge held was void under applicable Colorado law. As indicated, upon appeal the district court held, *inter alia,* that as a matter of law the judgment was not void and was not violative of procedural due process.

 Whether the judgment as entered by the District Court for Weld County is a void judgment presents, in our view, a pure question of law. The parties agree that the

question should be resolved by examining local Colorado law on the subject. In holding that the judgment was void the bankruptcy judge relied on *Dalton v. People,* 146 Colo. 15, 360 P.2d 113 (1961) and *Thompson v. McCormick,* 138 Colo. 434, 335 P.2d 265 (1959). The district court, on appeal, concluded that those cases were distinguishable from the instant case. We agree with the district court.

*Thompson* involved a dismissal with prejudice of a complaint where the plaintiff, who had previously discharged his counsel of record, did not appear when the case was called for trial. In *Thompson* the Colorado Supreme Court held that the judgment of dismissal was void because it had been entered without notice to the plaintiff. In other words, the plaintiff in *Thompson* did not have knowledge that his case was coming on for trial on a date certain. There is nothing in the instant record to indicate that Winters did not know that his case was coming on for trial in the District Court of Weld County on February 5, 1975.

*Dalton* involved a judgment entered for the plaintiff, after trial, where the defendant did not personally appear on the date set for trial and where his attorney of record had been permitted to withdraw immediately before trial. A motion to vacate was later filed by the defendant in which he alleged, and the Colorado Supreme Court accepted as true, that he had no knowledge that his attorney of record was going to withdraw from the case nor did he have any knowledge, be it acquired from his attorney or otherwise, that his case had been set for trial on a date certain. Such distinguishes *Dalton* from the instant case. In this regard there is nothing in the record before us to indicate that Winters did not have knowledge that their case was set for trial in the District Court of Weld County on February 5, 1975. Furthermore, there is nothing in *Dalton* to indicate why counsel in that case was permitted to withdraw, where, as in the instant case, the record indicates that counsel for Winters had been unable to locate his client for some four months, that they had moved from their residence and had not informed counsel of any new address.

Having found *Thompson* and *Dalton* to be distinguishable, we need not here determine whether the judgments in *Dalton* and *Thompson* were truly void judgments, or only voidable. We do note that in both cases the attack on the judgment was direct, and not collateral. Hence, the statement in those cases that the judgments were subject to collateral attack would in a real sense be dictum. For a Colorado case drawing the distinction between a "void" and "voidable" judgment, see *Kavanagh v. Hamilton,* 53 Colo. 157, 125 P. 512 (1912). In *Kavanagh* the Colorado Supreme Court held that in order for a judgment to be void from its inception, the source of the evidence to prove it void must come from the judgment roll itself, in which event the judgment is subject to collateral attack; whereas a judgment is only voidable if the evidence to prove it void must come from a source other than the judgment roll, in which event the judgment is subject only to direct attack, and cannot be attacked collaterally. And in *Kavanagh* the Colorado Supreme Court went on to declare that a successful direct attack on a judgment renders the judgment "as void as any judgment which the record shows was rendered without jurisdiction." In this general regard, see also *DeBoer v. District Court,* 518 P.2d 942 (Colo. 1974); *Klancher v. Anderson,* 113 Colo. 478, 158 P.2d 923 (1945); and *In re Zupancis' Heirship,* 107 Colo. 323, 111 P.2d 1063 (1941).

, A more recent Colorado case which sheds light on the present problem is *Sunshine v. Robinson,* 168 Colo. 409, 451 P.2d 757 (1969). In *Sunshine,* as in the instant case, defense counsel was permitted to withdraw prior to the trial date and the case thereafter immediately proceeded to be tried without the defendants being personally present. In *Sunshine* the Colorado Supreme Court held that the judgment entered was not a default judgment and therefore not subject to the local rule concerning entry of default judgments. However, the Colorado Supreme Court, citing *Dalton,* held that *if* the defendants, after an evidentiary hearing, could establish that "they had notice of neither the trial setting nor the withdrawal

of their attorney," the judgment on direct attack must be vacated. 451 P.2d at 760. As above mentioned, in the instant case there is nothing to indicate that the Winters did not have knowledge that their case in the District Court of Weld County was set for trial on February 5, 1975. The record, as made, does show that the Winters, insofar as their retained counsel was concerned, had simply disappeared.

▇ It is on this basis that we agree with the conclusion of the district court that under Colorado law the judgment entered by the Weld County District Court is not void. Certainly the conclusion reached by the district court is a permissible reading of the applicable Colorado cases. An appellate court should recognize and give deference to the views of a trial judge as to state law in his resident state, and such should be accepted, on appeal, unless they be demonstrably in error. *Binkley v. Manufacturers Life Insurance Co.,* 471 F.2d 889 (10th Cir. 1973), *cert. denied* 414 U.S. 877, 94 S.Ct. 130, 38 L.Ed.2d 122 (1973).

▇ As indicated, even though the district court held that the state judgment was not void, it also held that the state judgment did not resolve the question as to the non-dischargeability of the indebtedness, and that this question should be resolved by the bankruptcy judge after an adversary proceeding. Winters complains about this and states that Wilke is being permitted to "go behind" his state judgment in violation of *In re Nicholas,* 510 F.2d 160 (10th Cir. 1975), *cert. denied* 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1975). We disagree.

In *Nicholas* the creditor in a bankruptcy proceeding had reduced his claim to judgment in a state court action based on contract. Thereafter he proposed to show in the bankruptcy proceeding that his claim was in fact based on fraud, not contract, and was therefore non-dischargeable. The trial court in *Nicholas* held that the creditor could not go behind the record as previously made in the state court, and, on appeal, we affirmed. In the instant case, unlike *Nicholas,* the judgment obtained in the state court was based on fraud. Such being the case, we fail to see how Wilke in the

present bankruptcy proceeding is going behind the judgment which he obtained in the state court. His actions in the bankruptcy proceeding are consistent with his state court judgment. Whether the non-dischargeability of Winters' debt to him can be established depends upon the adversary proceeding yet to be held.

Judgment affirmed.