615 F.2d 909
 6 Bankr.Ct.Dec. 3, Bankr. L. Rep. P 67,341
 In re James Everett FRANKLIN, Bankrupt.
The FIRST NATIONAL BANK OF ALBUQUERQUE, as guardian of the
Estate of Paul Anthony Sanchez, a minor and
incompetent, and Reina Sanchez,
Individually, Plaintiffs-Appellees,
v.
James Everett FRANKLIN, Defendant-Appellant.
 No. 79-1551.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 20, 1980.
 
 Paul D. Rubner of Sterling, Simon & Rubner, P. C., Denver, Colo., for defendant-appellant.
 Before SETH, Chief Judge, and McWILLIAMS and LOGAN, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 This is a bankruptcy case. Dr. Franklin, an osteopathic surgeon, along with others, was sued in a state court in New Mexico by the First National Bank of Albuquerque, as guardian of the estate of Paul Anthony Sanchez, a minor, and by Reina Sanchez, the mother of Paul Sanchez. The complaint alleged that medical malpractice had occurred during the course of an appendectomy causing brain damage to Paul Sanchez, a minor. Judgment was taken against Dr. Franklin by default. The Bank, as guardian, received judgment in the amount of $912,250 as compensatory damages and $225,000 as punitive damages. Reina Sanchez, the mother of Paul, received judgment in the amount of $80,895, but did not receive any award as punitive damages.
 
 
 2
 On appeal, the New Mexico Court of Appeals affirmed the judgments insofar as each related to compensatory damages, but reversed the award of punitive damages to the Bank and directed that the issue of punitive damages be determined by trial. First Nat'l Bank of Albuquerque v. Albuquerque General Hospital, May 4, 1976 (Ct.Appeals N.Mex.) (unpublished opinion). After jury trial, the Bank was awarded $6,855 as punitive damages.
 
 
 3
 Dr. Franklin then instituted bankruptcy proceedings and listed as dischargeable debts the judgments entered against him in the action brought by the Bank and by Reina Sanchez. The Bank and Reina Sanchez filed a complaint in the bankruptcy proceeding wherein they objected to the discharge of the debts owed them by Dr. Franklin. 11 U.S.C. § 35(a).
 
 
 4
 The bankruptcy judge held that the debt owed the Bank by Dr. Franklin was nondischargeable since the record in the state court in the medical malpractice action was unambiguous and clearly showed willful and malicious conduct on the part of Dr. Franklin, the bankrupt. In this regard, the bankruptcy judge declined to go behind the record as theretofore made in the malpractice proceeding, and refused to accept extrinsic evidence on the matter. In thus holding, the bankruptcy judge relied on In re Nicholas, 510 F.2d 160 (10th Cir.), cert. denied, 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1975).
 
 
 5
 As concerns the debt owed Reina Sanchez by the bankrupt, the bankruptcy judge held the record in the state court was ambiguous and therefore directed that an evidentiary hearing be held in order to determine whether the debt owed Reina Sanchez by Dr. Franklin arose out of willful and malicious conduct and was therefore nondischargeable.
 
 
 6
 On appeal to the district court, the order of the bankruptcy court was affirmed, the district court also relying on In re Nicholas, 510 F.2d 160 (10th Cir.), cert. denied, 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680 (1975). Dr. Franklin appeals the order of the district court affirming the bankruptcy judge's order.
 
 
 7
 In In re Nicholas we held that where the entire record and not just the judgment of state proceedings established that an indebtedness was one for damages caused by breach of contract, and not fraud, the district court properly refused to permit the judgment creditor to go behind the record as previously made in state court in an attempt to show by extrinsic evidence that the liability was in reality one based on fraud and therefore nondischargeable. As indicated, application for certiorari in In re Nicholas was denied, 421 U.S. 1012, 95 S.Ct. 2417, 44 L.Ed.2d 680.
 
 
 8
 The rule of Nicholas was followed in Brown v. Felsen, our number 77-2035, an unpublished opinion filed April 14, 1978. Certiorari was granted in Felsen, and the Supreme Court reversed Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In Felsen the Supreme Court disapproved the rule of Nicholas and held that "the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the discharge of respondent's debt." 99 S.Ct. at 2213. By footnote, the Supreme Court in Felsen left open the question of whether a bankruptcy court should give "collateral estoppel effect" to a prior state judgment.
 
 
 9
 Since in the instant case both the bankruptcy judge and the district court relied on the rule of Nicholas, which has now been disapproved by the Supreme Court in Felsen, the judgment here appealed must be reversed, and the entire matter remanded with direction that further proceedings be consonant with the rule of the Supreme Court in Felsen.
 
 
 10
 Judgment reversed.