**DON J. BEST TRUST, Assignee of Colorado National Bank—Fort Collins, Garnishor, Plaintiff–Appellee,**

v.

**CHERRY CREEK NATIONAL BANK, Garnishee–Appellant.**

**No. 89CA0731.**

Colorado Court of Appeals,
Div. III.

April 19, 1990.

---

March & Myatt, P.C., Richard S. Gast, Ft. Collins, for plaintiff-appellee.

Vinton, Slivka & Panasci, Michael J. Healey, Denver, for garnishee-appellant.

Opinion by Judge CRISWELL.

Cherry Creek National Bank, a garnishee under C.R.C.P. 103, appeals from the default judgment entered against it. It argues that the court lacked jurisdiction to enter such judgment and that, in doing so, the court violated its right to procedural due process of law. We vacate the judgment.

Colorado National Bank—Ft. Collins, which was the initial plaintiff in this case, obtained a judgment in the amount of some $47,000 against the defendant, Reid L. Rosenthal. This judgment was then assigned to the Don J. Best Trust (plaintiff), and a writ of garnishment with notice of exemption was obtained and served upon Cherry Creek National Bank (garnishee).

This writ of garnishment was in a form similar, but not identical, to the form set forth in Form 29 of the Appendix to Chapters 1 to 17A of the Colorado Rules of Civil Procedure (1989 Cum.Supp. to C.R.S. Vol. 7A). It directed the garnishee to answer the questions propounded under oath and to hold, pending further court order, any personal property, other than earnings, owed to or owned by the defendant. It also advised the garnishee that:

"Your failure to answer this writ with notice will result in the entry of a default against you."

Although the garnishee now admits that, at the time of the service of this writ upon it, it owed defendant the sum of $35.24, it did not comply with that writ by filing any response thereto. And, the record fails to reveal why such a response was not filed.

After the time for responding had expired, the trial court, upon motion of plaintiff, noted the garnishee's default and, without holding a hearing on the issue of the garnishee's indebtedness to defendant or otherwise considering that question, entered a judgment against the garnishee for $37,284.05, being the total amount of plaintiff's judgment against defendant that remained unpaid.

When the garnishee learned of the entry of such judgment, it sent a letter of protest to plaintiff's counsel. However, it was not until more than a year later that it filed its motion under C.R.C.P. 60(b) to have the default judgment vacated.

Concluding that, even if the judgment entered was void, the garnishee's motion was untimely, the trial court denied that motion, and the garnishee thereafter instituted this appeal.

## I.

█ While the issue has not been directly addressed by the parties in this court, we must first consider the trial court's conclusion that, even if a judgment is void, C.R.C.P. 60(b) requires that a defendant file a motion under that rule within a reasonable time or forfeit the right to resist enforcement of that judgment. We disagree with this conclusion.

C.R.C.P. 60(b)(3) authorizes the vacation of a judgment which is "void." And, on its face, that rule would seem to require that a motion to vacate such a void judgment be made "within a reasonable time."

However, it has been determined that the doctrine of laches cannot be relied upon to preclude an attack upon a void judgment. *Thompson v. McCormick*, 138 Colo. 434, 335 P.2d 265 (1959). Further, we have held that, if the judgment sought to be vacated is void because the court lacked subject matter jurisdiction, any time limit established by C.R.C.P. 60(b) is inapplicable. *Mathews v. Urban*, 645 P.2d 290 (Colo.App. 1982).

This latter precept has been applied by the federal courts under the comparable federal rule to all void judgments, irrespective of the reason for their voidness. *Taft v. Donellan Jerome, Inc.*, 407 F.2d 807 (7th Cir.1969) (lack of jurisdiction over the person); *Crosby v. Bradstreet Co.*, 312 F.2d 483 (2d Cir.1963) (29 year-old judgment violated First Amendment's prohibition against prior restraints). This conclusion is based upon the consideration that a void judgment is no judgment at all and, therefore, that the "reasonable time" requirement of the rule "means, in effect, no time limitation." *Hawkeye Security Insurance Co. v. Porter*, 95 F.R.D. 417 (N.D.Ind. 1982). *See also* 7 *Moore's Federal Practice*, 60–25[4], pp. 60–241, 242 (2d ed.1987).

We are convinced that this construction of the federal rule is equally applicable to C.R.C.P. 60(b)(3). Thus, if the judgment about which the garnishee complains is, in fact, void, the passage of time cannot serve to validate it. If void, it was required to be vacated without reference to the time limits established by C.R.C.P. 60(b).

## II.

The garnishee insists that the default judgment entered by the trial court is void because (1) the trial court had no jurisdiction to enter such a judgment and (2) it was entered in violation of the garnishee's right to procedural due process. We agree with the garnishee's second assertion and, therefore, need not address its first.

█ C.R.C.P. 103 sets forth the procedure that is to be followed in the event a garnishee fails to respond to a writ of garnishment. Under that procedure, the clerk of the court, upon request, enters a default. After the entry of such default, any interested party may then "proceed before the court to prove the *liability of the garnishee* to the judgment debtor ...," and to have judgment entered against the garnishee. (emphasis supplied)

Nothing within the provisions of C.R.C.P. 103 authorizes the entry of a judgment against the garnishee based upon the amount of the judgment obtained by the judgment creditor against the judgment debtor. Rather, these provisions make clear that the amount of any default judgment against a garnishee must be based upon the amount of the garnishee's liability to the judgment debtor. And, C.R.C.P. 103 § 7(b)(2), sets forth the means by which a judgment creditor may compel a defaulting garnishee to appear before the court and to produce evidence upon this latter issue.

It is undisputed that neither plaintiff nor the trial court followed the procedure contemplated by C.R.C.P. 103. Plaintiff made no allegation that the garnishee was indebted to the defendant in any amount, and the trial court conducted no hearing to determine that issue. Instead, based solely on the garnishee's failure to respond to the writ, a judgment was entered against it for the full amount of plaintiff's unsatisfied judgment against the judgment debtor.

█ A judgment may be void, and not merely erroneous, either because the court entering it had no jurisdiction to do so or because the procedure used to enter the judgment violated due process rights. *See King v. Everett*, 775 P.2d 65 (Colo.App.

1989); *E.B. Jones Construction Co. v. City & County of Denver*, 717 P.2d 1009 (Colo.App.1986). Thus, if a judgment is entered without sufficient notice to the defendant, such judgment offends against due process, and it must be vacated upon request. *See Dalton v. People in Interest of Moors*, 146 Colo. 15, 360 P.2d 113 (1961); *Blackwell v. Midland Federal Savings & Loan Ass'n*, 132 Colo. 45, 284 P.2d 1060 (1955).

■ Moreover, it is a fundamental principle of due process that a notice, in order to provide adequate support for a default judgment, must advise the party to whom it is given of the nature of the relief sought. *Ware v. Phillips*, 77 Wash.2d 879, 468 P.2d 444 (1970). *See Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897). Indeed, the existence of this principle is the reason for the provision in C.R. C.P. 54(c) that no judgment by default shall "be different in kind from that prayed for in the demand for judgment" (a copy of the demand having previously been served upon the party in default).

In *Ware v. Phillips, supra,* the court vacated a judgment against a garnishee entered in a manner strikingly similar to that involved here. In that case, however, a Washington statute, unlike C.R.C.P. 103, specifically authorized the entry of a judgment of the nature entered by the trial court here. Nevertheless, because the writ failed to notify the garnishee that such a judgment could be rendered in the event of its default, the court concluded that its entry violated fundamental precepts of due process and was, therefore, void.

Here, the writ advised the garnishee that, if it failed to file a response, its "default" would be entered. In addition, the garnishee was charged with constructive knowledge of the provisions of C.R.C.P. 103. *See Jensen v. Jensen*, 92 Colo. 169, 18 P.2d 1016 (1933).

However, the collective contents of the rule and the writ gave notice only that, in the event of a default, a judgment could enter against the garnishee based upon the garnishee's liability to the judgment debt-

or. Nothing within either of these documents gave notice that a judgment could enter against the garnishee without court consideration of its liability to the debtor and based solely upon the amount of the judgment previously entered.

We conclude that the writ served upon the garnishee was facially insufficient to provide it with the requisite notice. This insufficient notice, under the circumstances here, constituted a violation of the garnishee's due process rights. Thus, the judgment entered is void.

The judgment entered against the garnishee is vacated.

TURSI and METZGER, JJ., concur.