The PEOPLE of the State of Colorado, Petitioner,

In the Interest of N.N.U., S.S.U., and K.L.U., Children,

Upon the Petition of Denver Department of Social Services, Petitioner–Appellee,

and Concerning B.W.U., Respondent–Appellant.

No. 90CA1700.

Colorado Court of Appeals, Div. II.

Sept. 12, 1991.

No appearance for petitioner.

Patricia L. Wells, City Atty., Janet A. Buxton, Asst. City Atty., Denver, for petitioner-appellee Denver Dept. of Social Services.

Teresa A. Zoltanski, Denver, for respondent-appellant B.W.U.

Opinion by Judge CRISWELL.

The respondent (mother), whose parental rights to her three children were previously terminated, seeks reversal of the trial court's order denying her access to the court file of her termination proceedings. We reverse.

After a hearing in May 1986, mother's three children were placed in the interim physical custody of the Denver Department of Social Services (DDSS), pending further hearings on the termination of the parent-child relationship. While in the custody of the DDSS, mother's five year-old daughter, S.U., drowned in June 1986. On December 4, 1986, mother's parental rights to her three children, including this deceased child, were purportedly terminated by a *nunc pro tunc* order of the court, retroactive to May 14, 1986.

Mother later filed a wrongful death action, seeking damages for the death of her child. But, that action was dismissed by the court in which it was filed because it concluded that the termination of mother's parental rights deprived her of standing to bring such a suit.

Mother then filed a request with the trial court to review, copy, and inspect the court file in the termination proceedings. After a hearing, the court denied that motion.

Mother argues in this court that she has a right to review the file of the termination proceedings. We agree.

■ At the hearing on mother's motion, counsel for mother grounded her request to review the court file on a need to determine whether there were any grounds to set aside the termination order with respect to the deceased child pursuant to C.R.C.P. 60(b).

In denying mother's request, the court said:

"This case [the termination proceedings] has already been appealed. The appeal has been denied. Civil lawsuits [the wrongful death action] have been filed in district court. The district court deter-

mined that she had no standing and dismissed the case [with] prejudice. I don't know what else she's looking for. She's exhausted all her remedies."

At the time the trial court entered its termination order, the confidentiality of court records in termination proceedings was governed by § 19–1–111, C.R.S. (1988 Repl.Vol. 8B), and C.R.J.P. 19(b), both of which provided that:

"Records of court proceedings shall be open to inspection by the parents or guardian, attorneys, and other parties in proceedings before the court and to any agency to which legal custody of the child has been transferred, except ... [adoption proceedings]."

However, C.R.J.P. 19 was rescinded by the supreme court in 1988, and § 19–1–111 was repealed in 1990. Colo.Sess.Laws 1990 ch. 135, at 1012.

The parties agree that § 19–1–120, C.R.S. (1990 Cum.Supp.), which provides that "reports of child abuse or neglect" are to remain confidential and shall not be public information, does not apply to the court record of dependency and neglect or termination proceedings.

At present, therefore, the only statute that might be applicable to the court record of such proceedings is § 19–1–122, C.R.S. (1990 Cum.Supp.), which provides that:

"[A]ll records and proceedings in *relinquishment or adoption* shall be confidential and open to inspection only upon order of the court for good cause shown." (emphasis supplied)

However, this statute would apply only to the extent that the records of the termination proceedings might reflect a child's subsequent adoption.

It is true, of course, that, under § 19–3–608(3), C.R.S. (1990 Cum.Supp.), after an order of termination enters, the former parent "is not entitled to any notice of proceedings for the *adoption* of the child." (emphasis supplied) This provision, however, is consistent with § 19–1–122, and neither statute applies to termination proceedings.

Hence, the entry of the termination order does not prevent mother from reviewing the record of those proceedings so as to determine whether grounds exist, either under C.R.C.P. 60(b) or by other means, to seek to have that order vacated. Indeed, in view of the fact that the termination order, although entered on a *nunc pro tunc* basis, was not entered until some months after the minor's death, a legitimate question respecting the court's jurisdiction to enter such an order may exist.

■ Moreover, if it is the claim of the party seeking relief under C.R.C.P. 60(b) that the court lacked jurisdiction or that the judgment has resulted in denial of a constitutional right, such a motion may be presented at any time. *Don J. Best Trust v. Cherry Creek National Bank*, 792 P.2d 302 (Colo.App.1990).

■ The decision of this court in *People in the Interest of B.U.* (Colo.App. No. 87CA0113, April 14, 1988) (not selected for official publication) affirmed the termination of mother's parental rights with respect to two living children; it did not pass upon the propriety of the entry of the order respecting the mother's deceased child. Thus, the issue whether the trial court had jurisdiction or authority to enter an order terminating mother's parental relationship with her deceased daughter has never been decided. Further, mother has never sought to obtain a vacation of the termination order under C.R.C.P. 60(b), at least insofar as that order purports to affect her deceased child. Hence, the trial court incorrectly concluded that mother has exhausted all of her available remedies with respect to this subject. And, as a result, the court file continues to have significance to mother.

Finally, the trial court's ruling that denied mother access to this court file seems inconsistent with its previous order granting such access to the defendants in the wrongful death action that mother was attempting to prosecute.

We conclude, therefore, that the court erred in denying mother access to the court records that reflect the termination proceedings to which she was a party. Of

course, to the extent that the present court record refers to any later adoption proceedings involving mother's other two children, mother should be denied access to those records.

The order of the trial court is reversed, and the cause is remanded to that court with directions to allow mother full access to its records of the previous termination proceedings in accordance with the views contained herein.

STERNBERG, C.J., and REED, J., concur.